Jane L. Patterson, Law Offices of Phillip N. Bruce, Sacramento, Cal., for plaintiff.

Peter A. Nowinski, U.S. Atty., R. Steven Lapham, Asst. U.S. Atty., Sacramento, Cal., for defendant.

**Florence PAXTON, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. No. S–85–1367 MLS.**

United States District Court,
E.D. California.

Jan. 26, 1987.

### ORDER

MILTON L. SCHWARTZ, District Judge.

Plaintiff seeks judicial review of a final decision of the Secretary of Health and Human Services denying Social Security benefits.

Plaintiff filed a petition for judicial review on September 24, 1985, following which this matter was referred to United States Magistrate Esther Mix pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(b)(13). Plaintiff thereafter moved for summary judgment or, alternatively, for remand. Defendant responded by filing a cross-motion for summary judgment. These motions were duly considered by Magistrate Mix and on September 10, 1986, in accordance with 28 U.S.C. § 636(b)(1)(C)

and Local Rule 305, she filed Proposed Findings and Recommendations.

The magistrate found that the extra pension benefits paid to a veteran for his spouse's support must be counted in the spouse's income when determining her eligibility for supplemental security income (SSI) benefits. The magistrate further found that the extra benefits paid are presumed to have been applied for the spouse's support; the actual amount spent for the spouse's support is immaterial. The magistrate therefore concluded that the Secretary had applied correct legal principles in determining plaintiff's SSI eligibility and that the Secretary's decision is supported by substantial evidence. She therefore recommended that defendant's motion for summary judgment be granted.

On September 22, 1986, plaintiff filed timely objections to the Proposed Findings and Recommendations. Plaintiff argues that veteran's pensions are based on need and hence should not have been included in her income for SSI purposes, citing 20 C.F.R. § 416.1161(a)(2). Plaintiff alternatively maintains that if these veteran's benefits are considered in determining SSI eligibility, the Secretary should have determined what proportion of the benefits was actually being spent for plaintiff's support. Finally, plaintiff objected to the magistrate's application of *Whaley v. Schweiker*, 663 F.2d 871 (9th Cir.1981), and Social Security Ruling (SSR) 82–31 to this case.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 305, this court has conducted a *de novo* review of the magistrate's findings and recommendations. Having carefully reviewed the entire file, including the administrative record, the court finds the magistrate's findings and recommendations to be supported by the record and by the magistrate's analysis, for the following reasons.

■ In *Whaley*, the Ninth Circuit held that the increased portion of pension benefits paid to a veteran for the support of his dependents is not income to the veteran for the purposes of determining his SSI eligibility. 663 F.2d at 875. The issue in the case before this court is whether this in-creased portion of veteran's benefits must be counted as income to the *dependent* for purposes of determining her eligibility for SSI benefits. The magistrate's conclusion that the extra benefits should be counted as income to the dependent logically follows from the reasoning in *Whaley*, and plaintiff has suggested no principled basis for excluding the extra income when evaluating the dependent's SSI eligibility.

As for the interpretation of SSR 82–31 and 20 C.F.R. § 416.1161(a)(2), the court notes that the Secretary's interpretation of the Social Security Act and regulations under the Act are entitled to deference if the interpretation is reasonable. *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616, *reh'g denied*, 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 283 (1965), *Brubaker v. Morton*, 500 F.2d 200, 202 (9th Cir.1974). Reading these regulations in light of the reasoning in *Whaley*, the court concludes that the Secretary's interpretation is reasonable.

■ Finally, the court agrees with the magistrate that *Whaley* precludes the kind of individualized apportionment of benefits between dependents that plaintiff proposes. Specifically, the court is guided by the following passage from *Whaley:*

> Under either system, it would be a fascinating exercise of bureaucratic folly to attempt to monitor the percentage of groceries consumed by the veteran and the children, the amount of heat, hot water or electricity used by each, or the percentage of space occupied by each. The SSA [Social Security Administration] no more embarks upon this inquiry than does the Veterans' Administration.

663 F.2d at 874. Needless to say, it would be no less of an exercise of bureaucratic folly to require the Secretary to conduct an evidentiary hearing to apportion benefits between a veteran's dependents. As long as the system of apportionment is facially reasonable, which this one is, this court is not in a position to require that the Secretary engage in the "bureaucratic folly" condemned by the Ninth Circuit in *Whaley*.

Accordingly, IT IS ORDERED:

1. That the Proposed Findings and Recommendations of the magistrate, filed September 10, 1986, are adopted in full;

2. That plaintiff's motion for summary judgment is denied; and

3. That defendant's motion for summary judgment is granted.