**Florence PAXTON, Plaintiff–Appellant,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 87–1769.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 1987.

Decided Sept. 8, 1988.

---

Phillip N. Bruce, Sacramento, Cal., for plaintiff-appellant.

Nancy Wever, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

Before SCHROEDER, PREGERSON and BRUNETTI, Circuit Judges.

PREGERSON, Circuit Judge:

This case concerns the interrelationship of Supplemental Security Income (SSI) benefits and Veterans Administration (VA) benefits. The specific issue is whether that portion of VA benefits *paid to a veteran* for the support of the veteran's dependent may be counted as unearned income to the *dependent* in calculating the *dependent's* SSI benefits. We reject the Secretary's 1981 policy of automatically counting the dependent's portion of VA benefits as unearned income to the dependent. Because the district court upheld the Secretary's

policy, the district court's decision is reversed. 657 F.Supp. 93.

## I

## BACKGROUND

The goal of the SSI program is to provide aged, blind, or disabled individuals with at least a subsistence level income. 20 C.F.R. § 416.110 (1988). The SSI regulations set a minimum income level below which the federal government thinks people should not have to live. *Id.* The level for a single eligible individual as of January 1, 1986 was $4,032 per year, or $336 per month. § 416.410.

"Supplemental Security Income" benefits are so named because they *supplement* an individual's other sources of income. The Secretary totals the amount of income an individual receives from other sources, subtracts that amount from the minimum income level, and pays the SSI claimant the difference. Thus, "[t]he monthly rate is reduced by the amount of the individual's [other countable] income." *Id.*

This approach to paying benefits places critical importance on the definition of income. *See* § 416.1100 ("the amount of income you have is a major factor in deciding whether you are eligible for SSI benefits and the amount of your benefit"). The basic SSI definition of income is:

... anything you receive in cash or in kind that you can use to meet your needs for food, clothing, or shelter. In-kind income is not cash, but is actually food, clothing, or shelter, or something you can use to get one of these.

§ 416.1102. This definition is deceptively simple. Subpart K of the SSI regulations, 20 C.F.R. §§ 416.1100 to 416.1182, contains thirty-two pages of rules explaining what is counted and what is not counted as income. The term "income" is also broken down into different kinds of income: "earned income," "unearned income," "in-kind income," and "deemed income."

"Earned income" may be cash or in-kind income and consists of either (1) wages; (2) net earnings from self-employment; (3) refunds of federal income taxes and advance

payments by employers made in accordance with the earned income credit provisions of the Internal Revenue Code; and (4) payments for services performed in a sheltered workshop or work activities center. § 416.1110. "Unearned income" is countable income that is not earned income, and it too may be received in cash or in kind. § 416.1120. Periodic payments such as Mr. Paxton's VA pension benefits are generally considered unearned income. § 416.1121(a).

"In-kind income" is "not cash, but is actually food, clothing, or shelter, or something you can use to get one of these." 20 C.F.R. § 416.1102. "Deemed income" is someone else's income that has been deemed to be the claimant's. The SSI regulations use the term "deeming" to describe "the process of considering another person's income to be [the claimant's when] it does not matter whether the income of [another] person is actually available to [the claimant]." 20 C.F.R. § 416.1160(a). The process of deeming income from one person to another is detailed and technical. The entire process is set forth at 20 C.F.R. §§ 416.1160 to 416.1169.

If a non-SSI benefit is counted as income, the claimant's SSI benefits *will be reduced* by the amount of the non-SSI benefit. If a non-SSI payment is not counted as income, the claimant's SSI benefits *will not be reduced* by the amount of the non-SSI benefits. When a family is living at subsistence level, the subtraction of any benefit can make a significant difference to its budget and to its ability to survive. The Secretary's reduction of Florence Paxton's SSI benefits illustrates the mechanics of the SSI program and the effect on a family of labeling as countable income certain non-SSI benefits.

As a family, the Paxton's incoming resources are meager. At all times relevant to this appeal, Florence Paxton lived with her husband, Mr. Paxton, and their minor son, Hugh. Mr. Paxton is a completely disabled veteran who receives a non-service-connected VA disability pension from the Veterans Administration pursuant to 38 U.S.C. § 521 (1982 & Supp. III 1985). The Veterans Administration sends Mr. Paxton a check, made payable to him, for approximately $650 per month. Approximately $200 of that check is money granted to Mr. Paxton for the support of his two dependents: Florence and Hugh Paxton. *See* 38 U.S.C. § 521(c) (1982); *Whaley v. Schweiker*, 663 F.2d 871, 874 (9th Cir.1981). The precise amount of Mr. Paxton's VA pension changes every year to cover cost-of-living increases. *See* 38 U.S.C. §§ 521(a), 3112 (1982 & Supp. III 1985).

Florence Paxton is also disabled. Before the Secretary reduced Florence Paxton's SSI benefits, she received SSI payments of roughly $300 per month. The precise amount of her SSI benefits has also changed over time to cover cost-of-living increases. Hugh, the Paxton's minor son, had no means of support other than his parents. Thus, the total income of the Paxton family is in the neighborhood of $1,000 per month. This money must be budgeted to provide for the needs of two disabled adults and one child.

Until 1981, the Paxton family was allowed to receive the full amount of Mr. Paxton's VA pension as well as the full amount of Florence Paxton's SSI benefits. This is because the Secretary previously regarded Mr. Paxton's entire VA pension, including the dependents' portion, as countable unearned income to Mr. Paxton. Mr. Paxton is not eligible for SSI benefits because the amount of his VA pension, even excluding the dependents' portion, exceeds the SSI minimum income level. As a result, he had no SSI benefits that could be reduced by the dependents' portion of his VA pension. The Secretary did not count any of Mr. Paxton's VA pension as unearned income to Florence Paxton. Therefore, none of Mr. Paxton's VA pension was used to reduce Florence Paxton's SSI benefits.

In 1981, the Secretary changed the Social Security Administration's (SSA) policy regarding VA benefits paid for dependents. As of November 1981, the Secretary began to regard that portion of VA benefits paid to a veteran for the support of the veteran's dependent as countable unearned income to the dependent for the purpose of

computing the dependent's SSI benefits. The Secretary issued this policy in the form of an interpretive ruling. *Title XVI: SSI Treatment of Veterans Administration Payments to SSI Eligibles/Fiduciaries,* 82–31 S.S.R. 291 (Cum.Ed.1982) [hereinafter SSR 82–31]. Under SSR 82–31, the dependent's portion of VA benefits is now automatically used to reduce the dependent's SSI benefits.

The Secretary adopted this new policy in response to court decisions, including our opinion in *Whaley v. Schweiker,* 663 F.2d 871 (9th Cir.1981). SSR 82–31. In *Whaley,* we held that the dependent's portion of VA pension benefits may not be counted as income to the *veteran* for the purpose of computing and reducing the veteran's SSI benefits. 663 F.2d at 875.

The Secretary argues that our holding in *Whaley* mandates the policy expressed in SSR 82–31. As we shall further explain, we disagree.

Despite the Secretary's new policy, Florence Paxton continued to receive the full amount of her SSI benefits until 1984. In 1984, SSA determined that Florence Paxton was living with a veteran who received a VA disability pension and that the VA pension included benefits for the support of Florence and Hugh Paxton. After an initial determination, a reconsideration, and an Administrative Law Judge (ALJ) hearing, the ALJ issued a decision that became the final decision of the Secretary after the Appeals Council denied Florence Paxton's request for review.

The ALJ found that Florence Paxton's SSI benefits should have been reduced by $128.23 from January through June 1982; by $137.62 from July 1982 through December 1983; and by $142.46 from January through February 1984. The ALJ stated that "[t]he Claimant's Supplemental Security Income should have been offset by the dependent increments of Veterans Administration Benefits as those were unearned income to her in the months in question." After February 1984, SSA reduced Florence Paxton's SSI benefits by the amount of Mr. Paxton's VA disability pension that SSA determined was granted to Mr. Paxton for the support of Florence Paxton.

When the Secretary applied its new policy to the Paxton household, the Paxtons stopped receiving the full amount of Florence Paxton's SSI benefits. The family had to learn to survive on Mr. Paxton's VA pension and Florence Paxton's SSI benefits minus almost $150 per month. This reduction in benefits had two effects on the Paxton household. On an ongoing basis, the family had to adjust to living on public assistance benefits that had been reduced by about fifteen percent of the original amount. As we stated earlier, this type of reduction may be harsh when a family is already living at the subsistence level. In addition, the Paxtons face the possibility that the Secretary may try to recover the amount "overpaid" to Florence Paxton between January 1982 and February 1984. The total amount "overpaid" is approximately $4,000.

Florence Paxton challenged the Secretary's final determination in district court. She argued in the alternative that (1) none of Mr. Paxton's VA disability pension should have been counted as income to her in computing her SSI benefits; or (2) too much of Mr. Paxton's VA disability pension was counted as income to her.

The district court determined that the Secretary's interpretation of *Whaley v. Schweiker* was legally correct. Therefore, the district court granted summary judgment for the Secretary and upheld the Secretary's findings regarding how much of Mr. Paxton's VA disability pension should have been used to reduce Florence Paxton's SSI benefits. We reverse.

## II

### STANDARD OF REVIEW

Our court has "carefully examined [the question] when the receipt of an item of value by an SSI beneficiary constitutes income which is actually available to meet the beneficiary's basic needs." *Grunfeder v. Heckler,* 748 F.2d 503, 505 (9th Cir.1984) (en banc) (Pregerson, J.) (quoting *Summy v. Schweiker,* 688 F.2d 1233, 1235 (9th Cir.

1982)). We will overturn an agency action if we conclude that it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A) (1982); *see Gamer v. Secretary of Health & Human Serv.*, 815 F.2d 1275, 1278 (9th Cir.1987) (Secretary must apply proper legal standards).

■ The Secretary's Social Security Rulings, which are interpretive rulings, "do not have the force and effect of the law or regulations." *Preface*, S.S.R. iii (Cum.Ed. 1982); *see Vista Hill Found., Inc. v. Heckler*, 767 F.2d 556, 559–60 (9th Cir.1985) ("the Secretary's interpretations … are without force of law"). Nonetheless, administrative interpretations are often given deference. *Vista Hill Found., Inc.*, 767 F.2d at 559–60. We will not, however, defer to administrative interpretations when they are "plainly erroneous or inconsistent with the regulation[s]." *Razey v. Heckler*, 785 F.2d 1426, 1428 (9th Cir.1986) (citation omitted); *Ruangswang v. Immigration and Naturalization Serv.*, 591 F.2d 39, 43 (9th Cir.1978).

## III

## DISCUSSION

### A. *Whaley v. Schweiker*

The Secretary's sole justification for SSR 82–31 is that it is required by our holding in *Whaley v. Schweiker* and similar opinions from other courts. We disagree.

In *Whaley*, the Secretary argued that the portion of VA pension benefits paid to a veteran for the support of the veteran's dependent should be counted as unearned income to the veteran. The Secretary pointed out that 20 C.F.R. § 416.1102 defines income as anything a claimant can use to meet his or her needs for food, clothing, or shelter. The Veterans Administration pays disability pension benefits to veterans in a single, lump-sum check made payable to the veteran. The amount of the check includes money granted for the veteran as well as money granted for the veteran's dependent. Because the veteran receives the entire amount in a check made payable to him or her, the Secretary con-

cluded that the dependent's portion, as well as the veteran's portion, was income to the veteran. This conclusion was based on the assumption that the veteran could, if he or she so chose, use the dependent's money to meet the veteran's needs for food, clothing, or shelter. *Whaley*, 663 F.2d at 874.

We rejected the Secretary's argument in *Whaley* as a "complete vitiation of the purpose supporting both [the Veterans Act and the Social Security Act]—the intent to help families [eligible to receive both VA and SSI benefits] to maintain minimally adequate income levels." *Id.* at 874. By providing specifically for dependent's benefits in the Veterans Act, Congress exhibited its intent to enable disabled veterans to contribute to the support of their families. We noted that counting the dependent's VA benefits as income to the veteran effectively eliminated the veteran's ability to assist his or her dependent. *Id.* at 875.

If the Secretary were allowed to count the dependent's portion of the veteran's disability pension as income to the veteran, the veteran's SSI benefits would be reduced by the amount of the dependent's benefits. Unless the veteran could find a way to survive on *less* than the already low minimum income level of approximately $4,000 per year, the veteran "would be compelled to apply [the dependent's portion of the VA pension] benefits to his own needs." *Id.*

We found it "difficult to believe that Congress intended to encourage … the veteran to use for his own subsistence funds that were intended for his children." *Id.* We concluded that the Secretary's "proffered statutory interpretation threatens traditional family relationships and undermines the congressional commitment to aid needy veterans and their families." *Id.* Accordingly, we held that "the portion of increased pension benefits paid to a veteran for the support of his dependent children does not constitute income to the veteran for the purpose of computing his SSI benefits." *Id.*

Shortly after *Whaley* was decided, the Secretary issued SSR 82–31, indicating that

VA benefits paid to a veteran for the support of the veteran's dependent would be counted as income to the *dependent* for SSI purposes. Pursuant to SSR 82–31, Mr. Paxton's VA pension benefits were used to reduce Mrs. Paxton's SSI benefits.

The Secretary contends that the policy expressed in SSR 82–31 is mandated by our holding in *Whaley*. He asserts that the dependent's portion of a VA pension *must* be income to the dependent if that money is not considered income to the veteran. The Secretary claims that this is "the *only* logical inference" that can be drawn from *Whaley*.

If all payments received by a family had to be considered income to someone under the SSI regulations, we might be inclined to agree with the Secretary's reading of *Whaley*. However, the SSI Regulations reveal that several types of unearned income are not counted for SSI purposes.

Section 416.1124 of the SSI regulations, entitled "Unearned income we do not count," describes thirteen types of unearned income not counted for SSI purposes. 20 C.F.R. § 416.1124(c). Among the payments excluded are (1) assistance based on need, which is wholly funded by a state or one of its political subdivisions, § 416.1124(c)(2); (2) assistance received under the Disaster Relief Act of 1974, § 416.1124(c)(5); and (3) payments granted for providing foster care to an ineligible child, § 416.1124(c)(8). Section 416.1124(b) also incorporates by reference the appendix to subpart K, which lists at least another thirty exclusions. § 416.1124(b); 20 C.F.R. pt. 416, subpt. K app.

■ Thus, the SSI regulations indicate that the Secretary's logical deduction from our holding in *Whaley* is flawed. The calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits. Rather, the notion of income is an artificial concept that may be understood only by reference to the SSI statute, the SSI regulations, and the cases interpreting them.

The Secretary has provided no support for SSR 82–31 other than *Whaley v. Schweiker* and similar cases. Our holding in *Whaley v. Schweiker* does not support the Secretary's new policy. Our review of the SSI regulations indicates that they also fail to support the Secretary's policy.

**B. *The Supplemental Security Income Regulations***

In SSR 82–31, the Secretary adopts a blanket policy of counting that portion of VA benefits paid to a veteran for the support of the veteran's dependent as unearned income to the dependent for the purpose of calculating and reducing the dependent's SSI benefits. This sweeping approach is inconsistent with the SSI regulations and the detailed approach they take to defining income. *See generally* 20 C.F. R. §§ 416.1100 to 416.1182 (1988) ("Subpart K—Income").

First, SSR 82–31 creates an unsupported exception to the rule that "[a]nnuities, pensions, and other periodic payments" counted as unearned income usually relate to the *claimant's* prior work or service. 20 C.F.R. § 416.1121(a). As we noted earlier, many types of payments are not considered unearned income. Section 416.1121(a) states that periodic payments counted as unearned income are "usually related to prior work or service."

VA benefits paid to a veteran for the support of the veteran's dependent are related to the *veteran's* prior service, but they are not related to the *claimant's* (the dependent's) prior service. Nonetheless, SSR 82–31 counts these periodic payments as unearned income to the claimant (the dependent). The Secretary has given no explanation for this deviation from the general rule.

Second, SSR 82–31 flatly contradicts the SSI regulation that describes "[w]hat is not income." 20 C.F.R. § 416.1103. Section 416.1103(g) explains that when someone other than the SSI claimant uses money to pay the claimant's bills, that *money* is not counted as unearned income to the claimant. Rather, the food, clothing, or shelter the claimant receives in exchange for the

payment may be considered in-kind income [1] to the claimant:

> If your daughter uses her own money to pay the grocer to provide you with food, the payment itself is *not your income because you do not receive it.* However, because of your daughter's payment, the grocer provides you with food: the food is in-kind income to you.

20 C.F.R. § 416.1103(g) examples (emphasis added).

█ The record reveals that Mr. Paxton does not give Mrs. Paxton a portion of his VA check so she may support herself. Instead, the Paxton's both use the benefits they receive to support the entire family. Accordingly, section 416.1103—contrary to SSR 82–31—indicates that the dependent's portion of Mr. Paxton's VA pension may not be counted as unearned income to Mrs. Paxton and used to reduce her SSI benefits.

Even if Mr. Paxton did give Mrs. Paxton an "allowance" from his pension check, the SSI status of VA benefits should not depend on how each veteran handles his or her family finances. Every veteran receives the dependent's portion of his or her VA benefits in the form of a check made payable exclusively to the veteran. The veteran may use this check to support the dependent in any number of ways. Given that each veteran may handle the dependent's support money differently, only one thing is certain: The veteran is the only person who receives the VA payment directly. It is therefore not appropriate under the SSI regulations to count that portion of VA benefits paid to a veteran for the support of the veteran's dependent as unearned income to the dependent, and to use that unearned income to reduce the dependent's SSI benefits.[2]

Third, SSR 82–31 does not accord with the Secretary's own admission that VA benefits based on need may not be "deemed" [3] the income of the veteran's dependent. Within a family, "[t]he first step in deeming is determining how much income [the claimant's] ineligible spouse [or] ineligible parent ... has." 20 C.F.R. § 416.1161. The key rule governing the first step is that SSA does not consider available for deeming all of the spouse's or parent's income. *Id.* Specifically, *SSA does not include as income available for deeming "[a]ny public income-maintenance payments (§ 416.1142(a)) [the claimant's] ineligible spouse or parent receives."* § 416.1161(a)(2) (emphasis added).

The SSI regulations list several programs that make public income-maintenance payments. 20 C.F.R. § 416.1142(a). One type of public-income maintenance payment is a payment made under "U.S.

---

1. As we noted earlier, "[i]n-kind income is not cash, but is actually food, clothing, or shelter, or something you can use to get one of these." 20 C.F.R. § 416.1102. Not all in-kind income is counted as unearned income and used to offset a claimant's SSI eligibility. *See, e.g.,* 20 C.F.R. § 416.1142 (in-kind support not counted as income when received from a fellow member of a public assistance household).

2. Nothing we said in *Whaley* is contrary to this analysis. In *Whaley,* the Secretary argued that the dependent's portion of the VA pension was income to the veteran because the veteran received the dependent's portion of the pension as well as the veteran's portion of the pension in one lump-sum check. We rejected that argument by saying that the method of payment did not alter Congress' intent that the veteran use the money to support his or her dependents. *Whaley,* 663 F.2d at 874. We therefore concluded that veterans have a moral and legal obligation to use VA benefits paid for their dependents to support them. *Id.* at 874–75.

We did not state that veterans have to give their dependents *money.* The veteran's obligation is to *use* the benefits received to support the dependent. In many, if not most, cases the veteran will spend the money on food, clothing, or shelter for the benefit of the dependent by going to the store or by paying the rent. Under the SSI regulations, when a dependent receives support of this type, it is not directly counted as unearned income.

3. As we noted earlier, the SSI regulations use the term "deeming" to describe "the process of considering another person's income to be [the claimant's when] it does not matter whether the income of the person is actually available to [the claimant]." 20 C.F.R. § 416.1160(a). The process of deeming income from one person to another is detailed and technical. The entire process is set forth at 20 C.F.R. §§ 416.1160 to 416.1169.

Veterans Administration programs (those payments based on need)." § 416.1142(a)(7).

■ Mr. Paxton is a spouse who is ineligible for SSI benefits because the amount of his VA pension, even excluding the dependents' portion, exceeds the SSI minimum income level. The Secretary concedes that the type of disability pension received by Mr. Paxton (a non-service-connected VA disability pension) is a VA payment "based on need." Thus, the portion of Mr. Paxton's VA pension granted for the support of Mrs. Paxton may not be deemed the income of Mrs. Paxton because it is a public income-maintenance payment to an ineligible spouse that may not be deemed the income of a dependent claimant.

The SSI regulations governing in-kind income to dependents also contain special rules regarding the calculation of in-kind support when the payments in question are public income-maintenance payments. *See* 20 C.F.R. § 416.1142(b) (Payments made to one family member will not be counted as in-kind income to another family member when they live in a "public assistance household."); § 416.1142(a) ("A public assistance household is one in which every member receives some kind of public income-maintenance payments."). Under these rules, in-kind support is not always counted as unearned income to dependents such as Mrs. Paxton. Thus, both the SSI deeming and in-kind regulations indicate that the portion of VA benefits paid to a veteran for the support of the veteran's dependent may not always be countable, even indirectly, as unearned income to the veteran's dependent.

SSR 82-31 automatically counts the dependent's portion of VA benefits as unearned income to the veteran's dependent. The SSI regulations reveal that the dependent's portion of VA benefits may never be counted directly as unearned income to the dependent, and may only sometimes indirectly be deemed or counted as in-kind income to the dependent. SSR 82-31 is therefore inconsistent with the SSI regulations.

IV

CONCLUSION

The SSI regulations contain many rules governing the calculation of income. The Secretary may not avoid the regulations by adopting an interpretive ruling, SSR 82-31, which states that an entire class of VA benefits will automatically be counted as unearned income to veterans' dependents and used to reduce their SSI benefits. The Secretary argues that *Whaley v. Schweiker* supports SSR 82-31. We disagree. The Secretary has failed to offer any other support for SSR 82-31. We therefore find that SSR 82-31 is an invalid interpretive ruling because it is based on a "plainly erroneous" interpretation of *Whaley, Razey,* 785 F.2d at 1428, it is "inconsistent with the regulation[s]," *id.*, and it is therefore "not in accordance with law," *Grunfeder,* 748 F.2d at 505 (citation omitted).

The district court's decision is REVERSED and the case is REMANDED to the Secretary for payment of SSI benefits in accordance with this opinion.