930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Allen NICHOLS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health & Human
Services, Defendant-Appellee.
 No. 90-1025.
 United States Court of Appeals, Tenth Circuit.
 Feb. 28, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an order of the district court affirming the Secretary's decision to terminate supplemental security income (SSI) benefits effective November, 1986. We affirm.
 
 
 3
 On October 2, 1986, the Social Security Administration sent plaintiff notice that he was not eligible for SSI payments starting November, 1986, because his monthly income was too high. Plaintiff's request for reconsideration of this decision was denied. After holding a hearing, the administrative law judge (ALJ) determined plaintiff's unearned income in the form of disability benefits was and is in excess of the amount allowable for eligibility for SSI benefits. On appeal, the district court appointed counsel for plaintiff and remanded to the Secretary for a new hearing.
 
 
 4
 The ALJ held a second hearing and again determined that plaintiff's unearned income made him ineligible for SSI benefits. The Appeals Council adopted the ALJ's findings and conclusions. Thereafter, plaintiff's counsel filed a status report in the district court indicating there was no further basis for appeal of the termination of plaintiff's benefits. The district court entered an order affirming the Secretary.
 
 
 5
 This court upholds the Secretary's decision and findings if they are supported by substantial evidence. Bernal v. Bowen, 851 F.2d 297, 299 (10th Cir.1988). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Also, this court considers whether the Secretary applied the correct legal standards in making his determination. Bernal, 851 F.2d at 299. Failure to apply the correct legal standards or to provide this court with a sufficient basis to determine if the appropriate legal principles have been followed are grounds for reversal. Byron v. Heckler, 742 F.2d 1232, 1235 (10th Cir.1984).
 
 
 6
 After examining the briefs, record on appeal and relevant legal authority, we conclude, for the reasons stated by the ALJ in his recommended decision of April 26, 1988, that there is substantial evidence that plaintiff's unearned income exceeded the permissible amount, thereby precluding him from eligibility for SSI.
 
 
 7
 SSI, which is based on need, provides a minimum level of income to disabled persons. 42 U.S.C. Sec. 1382(a)(1), (c)(1); Paxton v. Secretary of Health & Human Servs., 856 F.2d 1352, 1353 (9th Cir.1988); Dion v. Secretary of Health & Human Servs., 823 F.2d 669, 670 (1st Cir.1987); Lyon v. Bowen, 802 F.2d 794, 796 (5th Cir.1986). Eligibility for SSI is determined by the amount of a claimant's income, 42 U.S.C. Sec. 1381a; 20 C.F.R. Sec. 416.202, including unearned income such as disability benefits, 42 U.S.C. Sec. 1382a(a)(2)(B); 20 C.F.R. Sec. 416.1121(a).
 
 
 8
 In 1986, claimants were eligible to receive SSI benefits only if their income did not exceed $4,032 per year or $336 per month. 42 U.S.C. Sec. 1382(a)(1)(A); 20 C.F.R. Sec. 416.410. Plaintiff had unearned income, in the form of disability benefits, of $391 per month in 1986. Plaintiff's countable unearned income, the amount which exceeded the $20 per month unearned income exclusion, 20 C.F.R. Sec. 416.1124, was $371 per month. In years after 1986, the allowable unearned income for SSI increased, as did plaintiff's unearned income. At all times, his unearned income exceeded the permitted amount. Thus, there is substantial evidence to support the Secretary's determination that plaintiff's unearned income from 1986 on exceeded the permissible amount, thereby precluding him from eligibility for SSI.
 
 
 9
 Plaintiff argues on appeal that the Secretary failed to comply with social security law and that he was denied due process during the ALJ hearings. We conclude these arguments are without merit.
 
 
 10
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Plaintiff's motions for contempt orders, for clarification, and regarding oral argument are DENIED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3