**June H. RYDER, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

Civ. A. No. 92–K–891.

United States District Court, D. Colorado.

Oct. 13, 1992.

---

1. The terms refer to the fourth and six sentences of 42 U.S.C. § 405(g).

James A. May, Colorado Springs, Colo., for plaintiff.

George E. Gill, Asst. U.S. Atty., Denver, Colo., for defendant.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This case is before me on an appeal from an adverse decision by the Secretary of Human Services ("Secretary") denying certain benefits to June H. Ryder ("claimant") because her husband, Robert Ryder, ("husband") receives a veteran's pension which is augmented by surviving spouse benefits. In the ruling below, the Appeals Council determined that the augmented portion of the husband's pension should be considered income to the claimant, thus reducing the amount of her SSI benefits. An administrative law judge ("ALJ") later determined that the Secretary had overpaid the claimant $871.90 between January 1, 1984 and June, 1991, but decided that the claimant was not at fault in causing the overpayment and that forcing her to repay would defeat the purposes of the act. The Secretary does not appeal the ALJ's determination of non-fault or repayment. Thus, only the legal correctness of the Secretary's position is at issue in this appeal. For the reasons discussed below, I determine that the Secretary's policy of automatically counting the claimant's portion of VA bene-

fits as unearned income to the dependent is plainly erroneous and inconsistent with the act and accompanying regulations. I accordingly reverse that portion of the Secretary's decision.

### I. Facts and Procedural Issues

June H. Ryder ("claimant") is disabled from cerebral palsy, for which she receives supplemental security income of approximately $200 per month. Claimant is married to Robert Ryder ("Ryder"). Ryder receives a non-service connected disability pension from the Veterans Administration. It amounts to approximately $900 per month of which approximately $175 is given to Ryder for the support of his wife. In most months, the Ryders' expenses exceed their income from the VA and SSI. Ryder receives his check in a lump sum, without formal breakdown of the augmented amount for his wife. The Ryders have no other income.

By letter dated July 27, 1989, the Secretary notified claimant that he intended to reduce her SSI benefits by approximately $25 per month because of the augmented VA benefits Ryder received. The Secretary also sought to force claimant to repay $2,408.17 she had allegedly received since 1984.[1] By letter of August 23, 1989, claimant asked the Secretary waive the overpayment. The Secretary rejected her request on February 13, 1990. Ryder filed a request for hearing on March 15, 1990 to determine whether the so-called unearned income should be excluded for purposes of determining the amount of supplemental benefits she had received for the period March, 1984 to August, 1989.

An ALJ held an evidentiary hearing on August 15, 1990. Ryder and her husband both testified. The ALJ filed a written decision dated August 28, 1990. It concluded that the portion of the augmented benefits that Ryder's husband received were not deemable as income to Ryder and thus there was no overpayment. The ALJ alternatively ruled that if there were an over-

---

**1.** In the administrative process the Secretary later determined that the overpayment was only $871.90.

payment the claimant was not at fault and the overpayment should be waived. The HHS regional commissioner asked the appeals council to review the ALJ's decision. By letter dated November 29, 1990, the Appeals Council determined to reopen the case. It specifically concluded that the ALJ's decision was erroneous on its face because the ALJ had relied upon a ninth circuit decision, *Paxton v. Secretary of Health and Human Services*, 856 F.2d 1352 (9th Cir.1988), instead of an internal social security ruling, *Title XVI: SSI Treatment of Veterans Administration Payments to SSI Eligibles/Fiduciaries* 82–31 S.S.R. 291 (Cum.Ed.1982) ("SSR 82–31").

The Secretary had previously determined that it would acquiesce to *Paxton* within that circuit only. In other circuits it expected the ALJs to abide by SSR 82–31. The appeals council directed the ALJ to hold a supplemental hearing that would thus incorporate SSR 82–31, determine the actual amount of overpayment, and once again decide whether the Secretary should waive the overpayment. The Appeals' Council formal ruling to the same effect followed on February 12, 1991.

Without holding another formal hearing, the ALJ entered a written order on April 24, 1992. The ALJ deferred to the Appeals Council decision on the appropriate determination of her countable income. The ALJ then proceeded to determine the amount of overpayment, the relative fault of the claimant, and whether repayment would work a hardship on claimant. The ALJ determined that there had been an overpayment of $871.90 for the period January 1, 1984 to June, 1991. The ALJ went on to determine that the overpayment was without fault and that requiring repayment would defeat the purpose of the act. This appeal followed. Review is limited to whether the Secretary's decision is in error as a matter of law.

## II. Discussion

Many other cases have described the legal background of this case. See, e.g., *Whaley v. Schweiker*, 663 F.2d 871 (9th Cir.1981); *Tsosie v. Califano*, 651 F.2d 719 (10th Cir.1981); and *Paxton v. Secretary of Health and Human Services*, 856 F.2d 1352 (9th Cir.1988). Accordingly, I will not describe in great detail the regulatory spider web into which the claimant has unfortunately fallen. Suffice it to say that the Secretary interprets the regulatory definition of "unearned income" in 20 C.F.R. § 416.1120 (1992) to include veteran benefits paid to the claimant's spouse, thus reducing the amount of the claimant's SSI benefits by the same amount.

The Secretary adopted this interpretation in 1981 in response to a number of court decisions, including *Whaley* and *Tsosie*. The Secretary's interpretation came in the form of an interpretative ruling, SSR 82–31. *Whaley* held that the dependent's portion of VA pension benefits may not be counted as income to the veteran for the purpose of computing and reducing the veteran's SSI benefits. *Paxton*, 856 F.2d at 1352; and see *Tsosie*, 651 F.2d at 723. The Secretary apparently reasoned that if the augmented benefits could not be counted as income to the veteran (thereby reducing or eliminating SSI benefits to the veteran), they should be counted as income to the dependent.

The ninth circuit rejected the Secretary's approach and interpretation of *Whaley* in *Paxton*. There, the ninth circuit said:

Thus, the SSI regulations indicate that the Secretary's logical deduction from our holding in *Whaley* is flawed. The calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits. Rather, the notion of income is an artificial concept that may be understood only by reference to the SSI statute, the SSI regulations, and the cases interpreting them.

*Paxton,* 856 F.2d at 1357. The ninth circuit determined that SSR 82–31 was inconsistent with other SSI regulations. It found that the SSI regulations may never allow the Secretary to count the dependent's portion of VA benefits directly as unearned income to the dependent. 856

**1368**

F.2d at 1359. The same regulations only sometimes allow VA benefits to be counted as in-kind income to the dependent. *Id.* Thus, it found that the Secretary was improperly avoiding "the regulations by adopting an interpretative ruling ... which states that an entire class of VA benefits will automatically be counted as unearned income to veterans' dependents and used to reduce their SSI benefits." *Id.* The circuit court accordingly reversed the Secretary decision and ordered Ms. Paxton's benefits reinstated.

I agree with the ninth circuit's decision. I find the Secretary's policy of unilaterally treating augmented veteran's benefits as income to the SSI recipient is inconsistent with the regulations, based on a plainly erroneous interpretation of the case law, and not in accordance with the intent of the statute. The Secretary's decision is reversed and the matter is remanded for payment of SSI benefits in accordance with this opinion.