Cecile **WHITE** and Dorothy E. **Greene,** Intervenor, on behalf of themselves and all others similarly situated, Plaintiffs–Appellees,

v.

Donna **SHALALA,** as Secretary of Health and Human Services, Defendant–Appellant.

No. 886, Docket 92–6235.

United States Court of Appeals, Second Circuit.

Argued Jan. 19, 1993.

Decided Oct. 14, 1993.

Jennifer H. Zacks, Atty., Appellate Staff Civ. Div., Dept. of Justice, Washington, DC (Stuart M. Gerson, Asst. Atty. Gen., Dept. of Justice, Charles A. Caruso, U.S. Atty., for D. Vt., William Kanter, Atty., Appellate Staff Civ. Div., Dept. of Justice, Washington, DC), for defendant-appellant.

Jacqueline Majoros, Burlington, VT (Brian Sawyer, Mary Welford, Vermont Senior Citizens Law Project), for plaintiffs-appellees.

Before: TIMBERS, WALKER, McLAUGHLIN, Circuit Judges.

WALKER, Circuit Judge:

This appeal considers the validity of Social Security Ruling ("SSR") 82–31 which requires Veterans Administration ("VA") benefits paid to a veteran for the support of the veteran's dependant to be counted as the dependant's unearned income in calculating the dependant's Supplemental Security Income ("SSI") benefits. The Secretary of Health and Human Services ("Secretary") appeals from a judgment of the United States District Court for the District of Vermont (Albert W. Coffrin, *Judge*), holding that SSR 82–31 invalidly interprets 42 U.S.C. § 1382a(a)(2)(B). We reverse the judgment of the district court.

## BACKGROUND

### A. Statutory Framework

Congress created the federal SSI program in 1972 to "assist those who cannot work because of age, blindness, or disability," S.Rep. No. 1230, 92nd Cong., 2d Sess. 4 (1972), by ensuring "a Federal guaranteed minimum income level for aged, blind, and disabled persons," *id.* at 12; *see Schweiker v. Wilson*, 450 U.S. 221, 223, 101 S.Ct. 1074, 1077, 67 L.Ed.2d 186 (1981). Congress sets a minimum SSI income level, and to qualify for SSI benefits, an otherwise eligible person must have an income that falls below this statutory limit. 42 U.S.C. § 1382(a). If an eligible person has sources of income other than SSI, the amount of that person's entitlement is reduced by the amount of the person's other income not excluded by 42 U.S.C. § 1382a(b). 42 U.S.C. § 1382(b); *see Rothman v. Schweiker*, 706 F.2d 407, 409 (2d Cir.), *cert. denied*, 464 U.S. 984, 104 S.Ct. 428, 78 L.Ed.2d 362 (1983).

The VA provides two types of cash benefits: service connected disability compensation, which is a compensation program for people injured in the line of duty, 38 U.S.C. § 1114, and a non-service connected disability pension, which is a needs-based program for elderly and disabled veterans who served in wartime, *id.* at §§ 1503, 1522. In certain circumstances, the VA augments a veteran's benefits under either program if the veteran has eligible dependants. *Id.* at §§ 1135, 1521(c). Even though the augmented portion of the benefit is for the benefit of the dependant, it is paid directly to the veteran. 38 U.S.C. § 1521(c).

Prior to 1981, in the Social Security Claims Manual, the Secretary interpreted the Social Security Act to include the augmented portion of VA payments as part of a veteran's unearned income for purposes of calculating the veteran's SSI benefits. Several courts of appeals held that this interpretation was invalid, reasoning that reducing the SSI benefit by the amount of the support income might tempt the veteran to use the supplemental income for his own benefit rather than for the dependant. *See, e.g., Whaley v. Schweiker*, 663 F.2d 871 (9th Cir.1981); *Tsosie v. Califano*, 651 F.2d 719 (10th Cir.1981).

Following those decisions, the Secretary adopted SSR 82–31, which counts the augmented portion paid to the veteran as unearned income to the dependant when calculating any SSI benefits to be received by the dependant.

## B. Facts and Prior Proceedings

Plaintiff Cecile White is approximately sixty-four years old and has been receiving SSI disability benefits since 1985. Her husband, Donald White, receives a non-service connected disability pension from the VA which is augmented to provide support for Ms. White. The VA's check, which includes the augmented portion, is paid directly to Mr. White.

Following SSR 82–31, the Social Security Administration ("SSA") attributed the augmented portion of Mr. White's VA pension as countable, unearned income to Ms. White. In May 1988, the SSA notified Ms. White that she had been overpaid $141.73 in SSI benefits, by virtue of her husband's augmented VA pension, since her benefits should have been reduced by the amount of the augmented portion. The SSA also assessed a $25 penalty because she failed to report her additional income.

Ms. White twice requested and was denied a waiver of the alleged overpayment. An Administrative Law Judge decided that Ms. White had not been overpaid and that her benefits should not be reduced because of her husband's VA benefits. The Appeals Council overturned that decision. On November 22, 1989, Ms. White filed a complaint in the district court challenging the Appeals Council's decision and asked the district court to certify a class of Vermont SSI applicants and recipients who have had or will have their benefits reduced pursuant to SSR 82–31.

Dorothy E. Greene is also a disabled SSI recipient. Based on SSR 82–31, her monthly payments were reduced by the amount of her husband's augmented VA non-service connected disability benefits. The SSA denied her request to reconsider its decision to reduce her benefits. She appealed, and both the Administrative Law Judge and the Appeals Council upheld the SSA. Ms. Greene intervened in this action as co-plaintiff and class representative.

The Secretary opposed class certification. On September 26, 1990, the Magistrate Judge issued a Report and Recommendation recommending class certification which the district court adopted in part. The district court certified a class consisting of

> all [SSI] applicants and recipients residing in Vermont whose [SSI] benefits have been or will be denied, reduced or terminated as a result of the Secretary's policy which considers that portion of Veteran's Administration benefits paid to the veteran for the support of the veteran's dependent as countable unearned income to the dependent for the purpose of computing the dependent's SSI benefits. .

Both parties filed motions for summary judgment. The district court granted the plaintiffs' motion and denied the Secretary's. In its May 27, 1992 order, the district court held SSR 82–31 invalid and enjoined the Secretary from applying it to members of the class on the ground that the rule was inconsistent with the governing statute and regulations. The district court denied the Secretary's motion under Rule 59(e) of the Federal Rules of Civil Procedure to amend or alter the judgment.

This appeal followed.

## DISCUSSION

We review the district court's grant of summary judgment to determine whether genuine issues of material fact exist and whether the law was correctly applied. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). This case contains no relevant factual disputes and presents only a legal issue of statutory interpretation. We review *de novo* whether the district court correctly interpreted the statute.

### I. SSR 82–31

The Secretary challenges the district court's holding that SSR 82–31 invalidly interprets 42 U.S.C. § 1382a(a)(2)(B). Pursuant to SSR 82–31, an SSI claimant's entitle-

ment is reduced by the amount of her countable income. Under § 1382a, income is defined as follows:

§ 1382a. Income; definition of earned and unearned income; exclusions from income

(a) For purposes of this subchapter, income means both earned income and unearned income; and—

\* \* \* \* \* \*

(2) unearned income means all other income, including—

\* \* \* \* \* \*

(B) *any payments received as an annuity, pension, retirement, or disability benefit, including veterans' compensation and pensions,* workmen's compensation payments, old-age, survivors, and disability insurance benefits, railroad retirement annuities and pensions, and unemployment insurance benefits.

42 U.S.C. § 1382a(a)(2)(B) (emphasis added).

The issue we must decide is whether the augmented portion of a veteran's benefits paid to a veteran for the support of his dependant can be counted as the dependant's unearned income under § 1382a(a)(2)(B) for purposes of calculating SSI benefits.

### A. Deference to Agency

■ The Supreme Court has held that there is a special need to defer to the Secretary's interpretation of the Social Security Act (the "Act"). *Schweiker v. Gray Panthers,* 453 U.S. 34, 43, 101 S.Ct. 2633, 2640, 69 L.Ed.2d 460 (1981). The Act is exceptionally complicated. Judge Friendly observed that the Act's byzantine construction makes the Act and its regulations "almost unintelligible to the uninitiated." *Friedman v. Berger,* 547 F.2d 724, 727 n. 7 (2d Cir.1976), *cert. denied,* 430 U.S. 984, 97 S.Ct. 1681, 52 L.Ed.2d 378 (1977). Accordingly, in a case involving the SSA, we uphold the Secretary's interpretation of a provision of the Act as long as it is a permissible interpretation. *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984).

Plaintiffs argue that we should give less deference in this case because SSR 82–31 is a significant departure from the previous rule. *New York v. Sullivan,* 889 F.2d 401, 409 (2d Cir.1989), *aff'd,* 500 U.S. 173, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991). From 1974 until 1981, the Secretary counted the augmented VA benefit as a veteran's income for purposes of calculating the veteran's SSI benefits, rather than as the dependant's income as is now required by SSR 82–31. *See Paxton v. Secretary of Health & Human Servs.,* 856 F.2d 1352, 1356–57 (9th Cir.1988) (noting the change in interpretation after prior policy was held invalid). Thus, the plaintiffs argue, SSR 82–31 is a significant departure from the Secretary's previous interpretation and we should only grant the interpretation "some deference." *Sullivan,* 889 F.2d at 409.

The Supreme Court has held that substantial deference is appropriate if there appears to have been good reason for the agency's changed interpretation. *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 355–56, 109 S.Ct. 1835, 1848, 104 L.Ed.2d 351 (1989). In *Methow Valley,* the Court held that an agency's amendment to its earlier interpretation "came after the prior regulation had been subjected to considerable criticism" and thus was entitled to substantial deference. *Id.* at 356. Similarly, in this case, the agency revised the regulation only after the prior regulation was held invalid by two courts of appeals. *See Whaley,* 663 F.2d at 875; *Tsosie,* 651 F.2d at 723. Therefore, we grant the agency substantial deference, and will uphold the rule if it is a reasonable interpretation of § 1382a(a)(2)(B).

### B. Statutory Language

■ We generally look first to the plain language of a statute and interpret it by its ordinary, common meaning. *Perrin v. United States,* 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). The statute states that unearned income is a payment that a claimant "received." Receive is defined as "to take or get; acquire or accept," *Webster's New World Dictionary* 1120 (3d ed. 1988), or "[t]o take into possession and control; accept custody of; collect," *Black's Law Dictionary* 1140 (5th ed. 1979). The district court invali-

dated SSR 82–31 on the basis that the VA's check, including the augmented portion, is payable to the veteran, and thus the plaintiff-dependant does not "receive" the supplemental payments as that term is ordinarily understood.

However, in *Robinson v. Bowen*, 828 F.2d 71 (2d Cir.1987) (per curiam), *aff'g and adopting* 650 F.Supp. 1495 (S.D.N.Y.1987), we considered whether § 1382a(a)(2)(B) required the SSI claimant actually to obtain physical possession before a payment would be considered "received". There the district court reasoned that the "term 'received' imposes no special conditions on [VA benefits] and serves merely as a grammatical link between 'payments' and the descriptive list of benefits which follows." 650 F.Supp. at 1498 (quoting *Lyon v. Bowen*, 802 F.2d 794, 798 (5th Cir.1986)) (internal quotation marks omitted). Therefore, we held, along with a number of our sister circuits, that under § 1382a(a)(2)(B), an SSI claimant's veterans benefits may be counted as income even if they are withheld to pay the claimant's debts, and not "*actually* received in hand by an individual in the literal sense of the word." 650 F.Supp. at 1498; *see, e.g., Martin v. Sullivan*, 932 F.2d 1273 (9th Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 648, 116 L.Ed.2d 665 (1991); *Healea v. Bowen*, 871 F.2d 48 (7th Cir.1988); *Szlosek v. Secretary of Health & Human Servs.*, 861 F.2d 13 (1st Cir.1988) (per curiam); *Lyon v. Bowen*, 802 F.2d 794 (5th Cir.1986). Given the tension between the ordinary meaning of the term "received" and various courts' interpretation of this word, our inquiry cannot end with reference to the plain language of the statute.

### C. Congressional Intent

Following *Robinson,* the Secretary argues that a dependant is in "constructive receipt" of the augmented portion of a veteran's benefits, and since Congress intended it for the dependant's needs, SSR 82–31 is consistent with § 1382a(a)(2)(B).

White responds that such an interpretation is inconsistent with Second Circuit case law which requires that funds create an economic benefit to the claimant before they will be considered income for SSI purposes. *See, e.g., Rothman v. Schweiker*, 706 F.2d 407, 410 (2d Cir.) (per curiam), *cert. denied,* 464 U.S. 984, 104 S.Ct. 428, 78 L.Ed.2d 362 (1983). She argues that, under Second Circuit precedent, sending a check payable to the veteran does not necessarily result in an economic benefit to the dependant.

The Second Circuit "economic benefit" requirement is derived from the principle of actual availability, which includes as income only those amounts which can be applied by the SSI claimant, "either directly or by sale of conversion, to meeting his basic needs." *Id.* at 410 n. 7 (quoting 20 C.F.R. § 416.-120(c)(2)). Under the actual availability principle, the government may not "conjur[e] fictional sources of income and resources by imputing financial support from persons who have no obligation to furnish it." *Heckler v. Turner*, 470 U.S. 184, 200, 105 S.Ct. 1138, 1147, 84 L.Ed.2d 138 (1985); *see also Gray Panthers*, 453 U.S. at 47–48, 101 S.Ct. at 2462. The Supreme Court has held that the purpose of the principle is "to prevent the States from relying on imputed or unrealizable sources of income artificially to depreciate a recipient's need." *Heckler,* 470 U.S. at 201, 105 S.Ct. at 1147.

In construing another section of SSI, the Supreme Court has held that the economic benefits of spousal income were sufficiently present to meet the availability principle "owing to the legal relationship between husband and wife and the ensuing obligation of mutual support." *Usher v. Schweiker,* 666 F.2d 652, 657 n. 13 (1st Cir.1981) (citing *Gray Panthers,* 453 U.S. at 48, 101 S.Ct. at 2642). Similarly, Congress requires the Secretary to impute spousal income when determining a claimant's SSI eligibility, except to the extent the Secretary determines it inequitable to do so. 42 U.S.C. § 1382c(f)(1). This case does not involve imputing the veteran's income to the dependant, but rather asks whether the dependant is in constructive receipt of the augmented portion of the veteran's benefits that is paid to the veteran so that it can be considered the dependant's income. However, if imputation of spousal income does not violate the availability principle, we cannot conclude that this principle would be breach-

ed by a determination that the dependant constructively received the augmented portion of the VA benefits paid directly to the veteran. Given Congress's policy decision that the income of one spouse is available to the other, it is not for us to say that Congress could not have intended that funds payable to one spouse for the use of the other should count as funds "constructively received" by the latter.

Accordingly, we hold that the augmented portion of the veteran's benefits can be construed as a "payment[ ] received as a ... veterans' compensation and pension," and SSR 82–31 is a reasonable interpretation of 42 U.S.C. § 1382a(a)(2)(B). Our holding is consistent with the Fourth Circuit's holding in *Kennedy v. Shalala,* 995 F.2d 28 (4th Cir.1993), but contrary to the Ninth Circuit's holding in *Paxton v. Secretary of Health & Human Services,* 856 F.2d 1352, 1358 (9th Cir.1988). The Ninth Circuit held that because the augmented portion is not payable to the dependant, it is inappropriate to reduce the dependant's SSI benefits. 856 F.2d at 1358. In *Kennedy,* the Fourth Circuit held that "as a general matter, 'receipt' can reasonably be understood to include not only actual, but constructive receipt." 995 F.2d at 29–30.

Our interpretation and that of the Fourth Circuit is supported by Congress's mandate that SSI "pay people only to the extent that their needs are not met from other sources, including ... payments by other agencies," H.R.Rep. No. 231, 92nd Cong., 2d Sess. 149–50 (1971), *reprinted in* 1972 U.S.C.C.A.N. (86 Stat.) 4989, 5135–5136, and that the Secretary count as income "any payment received as an annuity, pension, retirement or disability benefit, including veteran's compensation and pensions," 42 U.S.C. § 1382a(a)(2)(B). While, as the Ninth Circuit held in *Paxton,* "[t]he calculation of income for SSI purposes is not a zero-sum mathematical problem in which all forms of public assistance must be used to reduce some family member's SSI benefits," 856 F.2d at 1357, Congress explicitly intended to include this particular form of public assistance as income.

■ Plaintiffs argue, and the Ninth Circuit agreed, that SSR 82–31 is inconsistent with other SSI regulations. We agree with the Fourth Circuit, however, that SSR 82–31 is consistent with each of these provisions. First, plaintiffs argue that SSR 82–31 conflicts with the Secretary's own definition of income as the "receipt by an individual of any property or service which he can apply, either directly or by sale or conversion, to meeting his basic needs." 20 C.F.R. § 416.-120(c)(2); *see also id.* § 416.1102. "[A]n agency's construction of its own regulations is entitled to substantial deference." *Lyng v. Payne,* 476 U.S. 926, 939, 106 S.Ct. 2333, 2341, 90 L.Ed.2d 921 (1986). And, since we conclude that "receipt" can be construed to allow constructive receipt, SSR 82–31 does not conflict with the Secretary's definition of income.

■ Second, plaintiffs argue that the provision violates the Secretary's in-kind income regulations. In-kind support, the provision of food, clothing, shelter, or something that can be used to obtain one of these, is generally considered income to a claimant. However, the Secretary excludes from income in-kind support from another member of a public assistance household. 20 C.F.R. § 416.-1142(b). A public assistance household is a household in which every member receives public maintenance income. 20 C.F.R. § 416.1142(a). The purpose of § 1142(b) is to avoid "double-counting" by not attributing benefits as income both to the recipient and the household member to whom it is transferred. This problem does not arise with the augmented portion of the VA benefits because the Secretary counts it as income to the dependant only.

Plaintiffs nonetheless argue that if a veteran in a public assistance household uses the augmented portion of his or her VA benefits to purchase food or shelter for the dependant, the transfer would count as income to the dependant under SSR 82–31, but not under 20 C.F.R. § 1142(b). However, this argument ignores the fact that Section 1382a(a) explicitly requires that veteran benefits be counted as "income"; this designation does not change if the benefits are converted into in-kind services before distribution. Accordingly, a claimant cannot avoid being attributed with income simply because

his or her cash payment is converted into food or shelter before he or she receives it. Moreover, the fact that this conversion can occur without the dependant's consent does not render the Secretary's Ruling inconsistent with the in-kind regulations.

■ Finally, the plaintiffs argue that SSR 82–31 violates the Secretary's deeming provisions. The Secretary exempts public assistance payments from 42 U.S.C. § 1382c(f)(1) which requires deeming of spousal income and resources. 20 C.F.R. § 416.1161(a)(2). Under SSR 82–31, the Secretary does not deem the veteran's income to the dependant; rather, the Secretary interprets the augmented portion of the benefit as the dependant's income. If the Secretary were deeming the benefits, she would count them as income to both the veteran *and* the dependant, thereby affecting both parties' eligibility for SSI benefits. After *Whaley* and *Tsosie,* the Secretary stopped considering the augmented portion as income to the veteran.

Because we conclude that SSR 82–31 is a reasonable interpretation of § 1382a, our deference to the agency requires that we uphold the regulation. Accordingly, we reverse that part of the district court's opinion that enjoins the defendant from promulgating rules that count the augmented portion of a veteran's VA benefits as income of the veteran's dependant for purposes of determining the dependant's SSI benefits.

## II. *Administrative Procedure Act*

The Secretary also contests the district court's holding that SSR 82–31 is invalid because the Secretary failed to promulgate the ruling in accordance with the notice and comment requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553.

The APA's notice and comment procedures have two purposes: " 'to reintroduce public participation and fairness to affected parties after governmental authority has been delegated to unrepresentative agencies,' " *American Hosp. Ass'n v. Bowen,* 834 F.2d 1037, 1044 (D.C.Cir.1987) (quoting *Batterton v. Marshall,* 648 F.2d 694, 703 (D.C.Cir.1980)); and to assure that the agency is presented with all information and suggestions relevant

to the problem at issue; *id.* The Secretary argues that SSR 82–31 is an interpretive rule that is exempt from the APA notice and comment requirements. Section 553(b)(3)(A) specifically excludes "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice," from the notice and comment procedures. *See Toy Mfrs. of Am., Inc. v. Consumer Prods. Safety Comm'n,* 630 F.2d 70, 75–77 (2d Cir. 1980).

■ We have previously approached the question of whether a rule is subject to notice and comment requirements by focusing on whether the rule is interpretive or substantive. We articulated this distinction by stating that a substantive rule " 'grants rights, imposes obligations, or produces other significant effects on private interests,' " while an interpretive rule is an agency's " 'intended course of action, its tentative view of the meaning of a particular statutory term, or internal house-keeping measures organizing agency activities.' " *Perales v. Sullivan,* 948 F.2d 1348, 1354 (2d Cir.1991) (quoting *Batterton v. Marshall,* 648 F.2d 694, 701–02 (D.C.Cir.1980)) (alterations omitted). At least one other circuit has criticized the interpretive/substantive terminology, noting that interpretive rules may have substantive effects, and placing the focus instead on whether a rule is interpretive or "legislative." *See, e.g., Metropolitan Sch. Dist. v. Davila,* 969 F.2d 485, 488 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1360, 122 L.Ed.2d 740 (1993) ("We prefer the interpretive/legislative terminology because it avoids any potential confusion."). We see merit to this approach. The central question is essentially whether an agency is exercising its rule-making power to clarify an existing statute or regulation, or to create new law, rights, or duties in what amounts to a legislative act. *See Metropolitan Sch. Dist.,* 969 F.2d at 489–90; *United Technologies Corp. v. EPA,* 821 F.2d 714, 718 (D.C.Cir.1987); *see also* K. Davis, *Administrative Law Treatise,* § 7.10 at 54 (2d ed. 1979) ("[R]ules are legislative when the agency is exercising delegated power to make law through rules, and rules are interpretative when the agency is not exercising such delegated power in issuing them."). Since legislative rule-making involves the agency's dele-

**304**

gated power to make law through rules, it is subject to the public participation and debate that notice and comment procedures provide.

 Both the Fourth and the Ninth Circuits have concluded without discussion that SSR 82–31 is an interpretive rule. *See Kennedy*, 995 F.2d at 30 n. 3; *Paxton*, 856 F.2d at 1356. We agree. SSR 82–31 simply explains the Secretary's view of the definition of income adopted by Congress. Section 1382a(a)(2)(B) provides that veterans' benefits received by an SSI applicant shall be treated as unearned income for purposes of determining the level of SSI benefits to which the applicant is entitled. SSR 82–31 interprets this provision to include constructive receipt as well as actual receipt of veteran's benefits, and thus includes the augmented portion of the veteran's benefits intended for the veteran's dependant. SSR 82–31, therefore, determines only how the augmented portion will be treated under an existing statutory provision, rather than creating an extra-statutory requirement, and thus is a paradigmatic example of an interpretive rule. *See Huberman v. Perales*, 884 F.2d 62, 68 (2d Cir.1989). Because the rule clarifies an ambiguous term, it fits within the definition of an interpretive rather than a legislative rule. *American Hosp. Ass'n*, 834 F.2d at 1045.

 The plaintiffs argue that SSR 82–31 is legislative because it is a change from the Secretary's prior interpretation of § 1382a(a)(2)(B) under which the augmented portion of the benefit was counted as income to the veteran rather than the veteran's dependant. However, an interpretive rule changing an agency's interpretation of a statute is not magically transformed into a legislative rule. *See Metropolitan Sch. Dist.*, 969 F.2d at 492. If the rule is an interpretation of a statute rather than an extra-statutory imposition of rights, duties or obligations, it remains interpretive even if the rule embodies the Secretary's changed interpretation of the statute. *Id.*

Because we agree with the Secretary that SSR 82–31 is an interpretive as opposed to a legislative rule, we hold that it was not subject to the notice and comment requirements of the APA and cannot be held invalid due to

non-compliance with these procedures. However, we note that in a footnote to her brief, the Secretary states that the Department of Health and Human Services has nonetheless issued SSR 82–31 as an interim final rule and plans to publish it as a final regulation after following the notice and comment procedures. *See* 55 Fed.Reg. 20,598 (1990) (to be codified at 20 C.F.R. pt. 416).

## CONCLUSION

We reverse the judgment of the district court.