**Walter F. MARTIN, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner, SSA, Defendant.**

**Civil Action No. 94–0072–C.**

United States District Court,
W.D. Virginia,
Charlottesville Division.

Sept. 4, 1996.

Charles Cooper Geraty, III, Geraty & MacQueen, Charlottesville, VA, for Plaintiff.

Robert P. Crouch, Jr., U.S. Attorney, Roanoke, VA, for Defendant.

## MEMORANDUM OPINION

CRIGLER, United States Magistrate Judge.

Before the court is the Commissioner's July 5, 1996 motion to alter or amend judgment that entered in favor of the plaintiff and the plaintiff's response thereto. The Commissioner challenges the court's judgment essentially on the ground that recently enacted amendments to the Social Security Act, preclude an award of supplemental security income benefits based on alcoholism, even where it is only a contributing factor. 42 U.S.C. § 1382c(a)(3)(I). The Secretary believes at the very least, alcohol was a contributing factor, thus the question becomes whether plaintiff's claim is encompassed by and barred under the statutory amendments.

In a less than articulate manner, Congress made the amendments applicable to

> ... any individual who applies for, or whose claim is finally adjudicated by the Commissioner of Social Security with respect to, supplemental security income benefits under Title XVI of the Social Security Act based on disability on or after the date of this Act, and, in the case of any individual who has applied for, and whose claim has been finally adjudicated by the Commissioner with respect to, such benefits before such date of enactment, such amendments shall apply only with respect to such benefits for months beginning on or after January 1, 1997.

Section 105(b)(5)(B) of Pub.L. 104–121 (codified as note to 42 U.S.C. § 1382).

The Commissioner urges that Congress intended claims to be divided into two categories: (a) those finally adjudicated after March 29, 1996, the enactment of the amendments; and (b) those finally adjudicated favorably before March 29, 1996.[1] She suggests plaintiff's case falls into the category of being adjudicated after the date of enactment, and because the claim is based in whole or part on alcoholism, it is barred.

---

1. The Commissioner's two pronged scheme includes applications for Title XVI benefits filed after March 29, 1996.

The real question posed by the Commissioner's motion to alter or amend judgment is the degree to which the March 29, 1996 changes apply to this case. Plaintiff argues that under *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), the amendments should not be retroactively applied to cases on judicial review of a Commissioner's final decision that predated the date of enactment. He contends first that Congress expressly limited the reach of the amendments to final administrative decisions after March 29, 1996, and that a decision by this court after March 29, 1996 will not and, by any stretch of the imagination, could not constitute a final decision of the Commissioner. Accordingly, he believes that on this ground alone, he would be entitled to a closed period of disability from the alleged date of onset until December 31, 1996. The court agrees.

Essentially, there are four steps to an administrative determination of a claim for SSI benefits. The first is called the initial determination from which there may be a reconsideration. 20 C.F.R. § 416.1400(a)(1) and (2). If a claimant is dissatisfied with the decision on reconsideration a hearing may be requested before an Administrative Law Judge (Law Judge). 20 C.F.R. § 416.1400(a)(3). The Appeals Council reviews the Law Judge's determination, and the decision of the Appeals Council becomes final and binding for all purposes, including the application of *res judicata,* absent an appeal to the federal courts. 20 C.F.R. §§ 416.1400(a)(4) and 416.1481. The right to appeal a final decision of the Commissioner to the federal district court is secured under 42 U.S.C. § 405(g). See also, 20 C.F.R. §§ 416.1400(a)(5), 416.1481 and 416.1482. Accordingly, it is the decision of the Appeals Council that constitutes the final adjudication of the claim before the Commissioner. Since the final decision of the Appeals Council in this case occurred on September 23, 1994, it was before March 29, 1996, and the amendments eliminating alcohol or drug abuse as a contributing factor to disability simply do not apply.

Plaintiff further argues that a person whose SSI claim was filed and finally determined adversely to him/her before March 29, 1996, but who was awarded benefits upon judicial review, is entitled to benefits through December 31, 1996. The court again agrees with this interpretation of the statute, as plaintiff's claim falls squarely into this category of cases.

It should be made clear that this court decides today only the meaning of the language "finally adjudicated by the Commissioner." The parties have raised a myriad of issues concerning retroactive application of statutes, and there are a number of constitutional issues that could be raised, however, the court has resisted the temptation to venture into those waters because it believes this case can be resolved simply by giving words Congress chose a meaning that is consistent with decades of Social Security practice.[2]

An order will enter denying the Commissioner's motion to alter or amend judgment, and the case will be remanded to the Commissioner to implement the court's final judgment.

---

2. Questions remain about how the amendments might apply to cases that are remanded to the Commissioner for supplemental proceedings as opposed to being remanded for the sole purpose of performing the ministerial functions of calculating and paying benefits. Also, it is not at all clear how the amendments might apply to claims for closed periods of disability predating the enactment even though the final agency adjudication occurs after March 29, 1996. Those matters will be left for another day.