**Patrick REDD, Plaintiff,**

v.

**Shirley S. CHATER, Commissioner of Social Security, Defendant.**

No. 96–CV–136A(H).

United States District Court, W.D. New York.

June 11, 1997.

Robert T. Harvey, Counsel, Erie County Department of Social Services, Buffalo, N.Y., for Plaintiff.

Patrick H. Nemoyer, United States Attorney, Mary Ellen Kresse, Assistant U.S. Attorney, of Counsel, Buffalo, NY, for the Government.

**DECISION AND ORDER**

HECKMAN, United States Magistrate Judge.

The parties have consented to have the undersigned conduct all further proceedings in this matter, in accordance with 28 U.S.C. § 636(c). Plaintiff initiated this action to seek review of the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for Supplemental Security Income ("SSI") benefits, and the Commissioner has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, the Commissioner's motion is granted.

**BACKGROUND**

Plaintiff was born on June 22, 1972 (T. 56).[1] On September 3, 1993, plaintiff filed an application for SSI benefits, claiming disability as of September 1, 1992 due to "nervous problems" (*id.*). His application was denied by the Social Security Administration at the initial level (T. 67) and on reconsideration (T. 66). Plaintiff requested a hearing which was held before Administrative Law Judge ("ALJ") Eric L. Glazer on January 10, 1995 (T. 31–55). Plaintiff testified at the hearing and was represented by counsel. On February 23, 1995, ALJ Glazer issued a written decision in which he found that plaintiff was not disabled within the meaning of the Social

---

1. References preceded by "T" are to page numbers of the transcript of the administrative record, filed by defendant as part of the answer to the complaint.

Security Act (T. 7–18). On December 28, 1995, this decision became the final determination of the Commissioner when the Appeals Council denied plaintiff's request for review (T. 4–5).

In making his decision, ALJ Glazer first found it "unclear as to whether [plaintiff] engaged in substantial gainful activity subsequent to September 3, 1993, the protective filing date of his application" (T. 10). The ALJ then found that plaintiff had been "engaging in substantial gainful activity as a result of his illegal drug activity" during the past four years, and that accordingly he was not entitled to SSI benefits (*id.*). According to the ALJ, the medical evidence established that plaintiff had a history of polysubstance abuse and borderline intellectual functioning. However, the ALJ concluded that these impairments did not meet or equal the severity of any impairment listed in Appendix 1 of the Commissioner's regulations. The ALJ considered the degree of functional loss caused by plaintiff's drug and alcohol abuse, and found that plaintiff's consumption of these substances did not significantly interfere with his ability to fulfil his daily activities (T. 13). The ALJ therefore concluded that plaintiff had not lost the ability to voluntarily control his drinking (*id.*). Based on these conclusions, the ALJ found that plaintiff retained the residual functional capacity to perform his past relevant work as a vendor at Pilot Field, and was therefore not disabled within the meaning of the Social Security Act (T. 14).

On February 29, 1996, plaintiff filed this action seeking judicial review of the Commissioner's determination, pursuant to 42 U.S.C. § 405(g). On December 5, 1996, the government moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). In its motion, the government contends that recent amendments to the Social Security Act preclude a determination of disability in this case on the basis of substance abuse (Item 11).[2]

On January 9, 1997, plaintiff responded to the government's motion, referring only briefly to the recent amendments to the Social Security Act. Instead, plaintiff argues that the ALJ committed the following errors of law: (1) failure to make a definitive finding that plaintiff engaged in substantial gainful activity, (2) failure to determine whether plaintiff's past work as a vendor at Pilot Field constituted substantial gainful activity, (3) using an improper standard to determine that plaintiff could control his substance abuse, and (4) failure to consider fully plaintiff's mental limitations in assessing residual functional capacity (Item 13).

On February 27, 1997, the court heard oral argument and directed the parties to submit further briefing as to the effect of the recent amendments of the Social Security Act on judicial review of the Commissioner's denial of plaintiff's SSI benefits application. For the reasons that follow, the government's motion for judgment on the pleadings is granted.

### DISCUSSION

On March 29, 1996, the "Contract With America Advancement Act of 1996" was enacted, which contains amendments to portions of the Social Security Act. Pub.L. No. 104–121, 110 Stat. 847 (1996). Section 105 of the amendments, entitled "Denial of Disability Benefits to Drug Addicts and Alcoholics," provides:

> An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

Pub.L. No. 104–121, § 105(a)(1)(C), 110 Stat. 847, 852 (1996) (amending 42 U.S.C. § 423(d)(2)).

Plaintiff does not dispute the fact that his substance abuse would be a contributing factor in the Commissioner's determination of disability. Indeed, based upon the administrative record, there can be no question in

---

2. The government also contends on this motion that the ALJ's determination is supported by substantial evidence in the administrative record. Because I find that plaintiff's SSI claim has been precluded by the March, 1996 amendments to the Social Security Act, this aspect of the motion need not be addressed.

this case that plaintiff's drug and alcohol abuse would be material to the disability determination. *See* 20 C.F.R. § 404.1535 ("How we will determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability"); *see also* T. 125, 128, 132–33, 150, 157.

Rather, the key dispute is whether, as the government argues, these amendments apply in this case to preclude the Commissioner from considering plaintiff's substance abuse as a disabling factor. The effective date of this act is March 29, 1996. The effective date provision of the statute provides, in relevant part:

> The amendments ... apply to any individual who applies for, or whose claim is finally adjudicated by the Commissioner of Social Security with respect to, benefits under title II of the Social Security Act based on disability on or after the date of the enactment of this Act, and, in the case of any individual who has applied for, and whose claim has been finally adjudicated by the Commissioner with respect to, such benefits before such date of enactment, such amendments shall apply only with respect to such benefits for months beginning on or after January 1, 1997.

§ 105(a)(5)(A), 110 Stat. at 853. *See Connor v. Chater*, 947 F.Supp. 56, 60 (N.D.N.Y.1996).

The government has taken the position that the phrase "finally adjudicated by the Commissioner" encompasses not only disability claims pending at the various administrative levels of review, but also those claims pending in the federal courts for judicial review under 42 U.S.C. § 405(g). According to this interpretation, plaintiff would be ineligible for SSI benefits based on disability due to substance abuse because his case was pending in this court on March 29, 1996.

Unfortunately, the Commissioner has not issued any specific policy statement with respect to her interpretation of the phrase "finally adjudicated by the Commissioner," and the relatively few cases that have considered the issue are split. *See, e.g., Teitelbaum v. Chater*, 949 F.Supp. 1206, 1216 (E.D.Pa.1996)(Congress did not intend amendments to apply to claims for benefits pending at either judicial or administrative

level for months of disability preceding effective date); *Santos v. Chater*, 942 F.Supp. 57, 63–64 (D.Mass.1996)(same); *Willis v. Chater*, 939 F.Supp. 1236, 1240–41 (W.D.Va. 1996)(same); *Martin v. Chater*, 938 F.Supp. 347, 349 (W.D.Va.1996)(same); *but see Connor v. Chater, supra* (likelihood of remand to Commissioner, Commissioner's interpretation of amendments, and language of proposed clarifying legislation suggest that amendments preclude claim based on claimant's substance abuse and pending in federal court on effective date); *Sousa v. Chater*, 945 F.Supp. 1312 (E.D.Cal.1996) (amendments preclude not only denied claims pending at administrative levels but also those pending in federal court).

In *Connor v. Chater, supra*, the district court for the Northern District of New York considered the issue in light of proposed clarifying amendments, which provide as follows:

> CLARIFICATIONS RELATING TO THE EFFECTIVE DATE OF THE DENIAL OF DISABILITY BENEFITS TO DRUG ADDICTS AND ALCOHOLICS.
>
> \* \* \*
>
> Section 105(a)(5) of the Contract with America Advancement Act of 1996 ... is amended—
>
> \* \* \*
>
> by adding at the end the following new subparagraph:
>
> "(D) For purposes of this paragraph, an individual's claim, with respect to benefits under title II of the Social Security Act based on disability, which has been denied in whole before the date of the enactment of this Act, may not be considered to be finally adjudicated before such date if, on or after such date—
>
>> "(i) there is pending a request for either administrative or judicial review with respect to such claim, or
>>
>> "(ii) there is pending, with respect to such claim, a readjudication by the Commissioner of Social Security pursuant to relief in a class action or implementation by the Commissioner of a court remand order."

H.R. 4039, 104th Cong., 2d Sess. (1996)(quoted in *Connor v. Chater, supra,* 947 F.Supp. at 61–62). If passed, the clarifying amendment would be effective back to the time the preclusion paragraph was enacted. *Connor, supra* at 62.

In addition to this proposal, the *Connor* court found persuasive the fact that if the substance abuse preclusion did not apply, a remand to the Commissioner would be likely for further consideration of whether the plaintiff had lost his ability to control his drinking and drug usage. According to the court, "[w]here a remand for further proceedings is warranted, 'the case has not been "finally adjudicated," *i.e.,* there are decisions remaining to be made by the Commissioner.'" *Id.* at 61 (quoting *Sousa v. Chater, supra,* 945 F.Supp. at 1329). The court also gave considerable deference to the Commissioner's interpretation of the preclusion amendment, as set forth in the government's brief in that case and this one, that Congress intended "to preclude future awards of benefits based on drug addiction or alcoholism for anyone who was not already receiving benefits." *Id.; see* Item 11, p. 22.

In the absence of any contrary legislative history, administrative rulings, or definitive policy statements, I find the *Connor* analysis more persuasive than the analyses in the cases cited above from the federal district courts in Pennsylvania, Massachusetts and Virginia. Even if this court were to recommend denial of the government's Rule 12(c) motion, the likely result would be remand to the Commissioner for further adjudication. As suggested by the materials submitted by counsel pursuant to this court's direction at oral argument, on remand the case would likely be reopened and readjudicated under P.L. 104–121 (*see* "EMERGENCY TELE-TYPE—Interim Instruction # 4," attached to Item 16). As recognized in *Connor,* it is well established that the agency's interpretation of an ambiguous statute is entitled to substantial deference. *Connor v. Chater, supra,* 947 F.Supp. at 61; *see also White v. Shalala,* 7 F.3d 296, 300 (2d Cir.1993); *Sousa v. Chater, supra,* 945 F.Supp. at 1329.

Consequently, because plaintiff's claim was not "finally adjudicated by the Commission-

er" before March 29, 1996, and because the record establishes that his alcoholism and drug abuse would be contributing factors material to the Commissioner's disability determination, I find that § 105(a)(1)(C) of Pub.L. No. 104–121 precludes plaintiff from receiving SSI benefits in this case.

## CONCLUSION

For the foregoing reasons, the government's motion for judgment on the pleadings (Item 10) is granted, and the case is dismissed. The Clerk of the Court is directed to enter judgment in favor of defendant.

**SO ORDERED.**