John C. PORTER, Plaintiff,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant.

No. 95–CV–1085H.

United States District Court, W.D. New York.

Oct. 7, 1997.

Clifford Falk, Falk & Falk, Niagara Falls, NY, for Plaintiff.

Mary K. Roach, U.S. Attys. Office, Buffalo, NY, for Defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

The parties have consented to have the undersigned conduct any and all further proceedings in this case, including the entry of final judgment, in accordance with 28 U.S.C.

§ 636(c). Presently before this court is a motion by the Commissioner of Social Security (the Commissioner) for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (item 8). Plaintiff has requested that the motion be taken under advisement without oral argument (Item 10). For the reasons that follow, the Commissioner's motion is granted.

## BACKGROUND

Plaintiff was born on February 16, 1956, and is currently 41 years old (T. at 93).[1] He attended school through the ninth grade and has been employed as a truck driver, maintenance worker and furnace fire man (T. at 147).

Plaintiff first applied for disability benefits on January 14, 1993, claiming that he was disabled as of November 11, 1991 after suffering a gunshot wound to his right arm (T. at 93–95, 143). He has not worked since the date of his claimed disability (T. at 45, 143). Plaintiff's application was denied initially (T. at 96–98) and on reconsideration (T. at 133–35). He then requested a hearing before an Administrative Law Judge (ALJ), which was held on August 17, 1994 (T. at 39–92). At the hearing, plaintiff testified that his disability was the result of a combination of factors, which included chronic back pain from a herniated disc, limitation and pain of the right hand and arm from a gunshot wound, and chronic alcohol abuse.

In a decision dated January 18, 1995, ALJ Karen H. Baker found that plaintiff was limited by an inability to lift or carry more than eight pounds with his right arm (T. at 24). Though ALJ Baker determined that this limitation precluded plaintiff from performing his past relevant work, she also found that he could still perform some types of light work for which a significant number of jobs exist in the national economy (*Id.*). Some examples provided by a vocational expert included microfilm document preparer, surveillance system monitor, lens inserter and laundry classifier (T. at 86–87). Consequently, the

1. Page citations preceded by "T" refer to the transcript of the administrative record filed by

defendant as part of her answer.

ALJ found that plaintiff was not under a "disability" as defined in the Act (T. at 24).

Plaintiff requested a review of the hearing decision, arguing that the ALJ had failed to consider plaintiff's back injury and that she had erroneously concluded that plaintiff was not an alcoholic (T. at 7–8). On October 27, 1995, the Appeals Council denied plaintiff's request for review, and ALJ Baker's findings became the final determination of the Commissioner (T. at 3–4).

On January 14, 1993, plaintiff commenced this action seeking reversal or remand of the Commissioner's final determination (Item 1). He continues to claim that he suffers from a substance abuse disorder and multiple injuries and alleges that the Commissioner's determination that he was not disabled is not supported by substantial evidence or the applicable law. The government filed its motion for judgment on the pleadings on December 9, 1996. In a letter to the court dated January 9, 1997, plaintiff declined to submit a reply, stating that "in light of the enactment of Pub.L. 104–121," he would rest on the existing record.

### *DISCUSSION*
### I. PLAINTIFF'S ALLEGED BACK IMPAIRMENT.

The Social Security Act states that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g) (1991). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion ...." *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938), *quoted in Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Jones v. Sullivan,* 949 F.2d 57.59 (2d Cir.1991). Under this standard, judicial review of the Commissioner's decision is limited. and the reviewing court may not try the case *de novo* or substitute its findings for those of the Commissioner. *Richardson, supra,* 402 U.S. at 401, 91 S.Ct. at 1427. The court's sole inquiry is "whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir.1982). The Commissioner's determination cannot be upheld, however, when it is based on an erroneous view of the law that improperly disregards highly probative evidence. *Grey v. Heckler,* 721 F.2d 41, 44 (2d Cir.1983); *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979).

▮ In assessing plaintiff's claim that the Commissioner disregarded his back injury, the court must consider the evidence before the Commissioner at the time of the determination. At the administrative hearing, plaintiff testified that he had experienced pain in his back every day since he fell in 1978 (T. at 50, 61). According to plaintiff, a lower disk in his back sometimes "kicks out" when he squats or stoops over the wrong way, and that he must press it back into place (T. at 50).

Plaintiff was treated monthly from November of 1991 through June of 1993 by Dr. Brezing (T. at 185). In a report to the New York State Department of Social Services dated June 11, 1993, Dr. Brezing diagnosed defendant as suffering from severe trauma, alcohol abuse, fracture of the right wrist, and right forearm pain due to heavy lifting (*Id.*). Dr. Brezing's report did not include any diagnosis of a back injury. According to Dr. Brezing, plaintiff displayed normal ranges of hip and lumbar motion and had no limitation in standing, walking, sitting, pushing or pulling (T. at 189, 191, 192).[2] Dr. Brezing limited plaintiff to occasional lifting and carrying of up to twenty pounds.

Plaintiff was also examined by consultant Dr. Paul Akman on March 11, 1994 (T. at 212–21). At that time, plaintiff reported a history of lumbar spine injury in 1979, but stated that it doesn't bother him anymore (T. at 212–13). Dr. Akman stated that plaintiff could occasionally lift up to 20 pounds, and that his ability to sit, stand and walk was unaffected (T. at 217).

---

**2.** Dr. Brezing's range of motion examination is the only clinical finding in the administrative record which addresses the condition of plaintiff's back.

Dr. Hee Choi is plaintiff's current treating physician (T. at 42). He completed a medical report on April 11, 1994, in which he diagnosed plaintiff with a new onset of arterial fibrillation, possible alcoholic cardiomegaly, and lumbar sprain (T. at 231–32), Though Dr. Choi referred to a disk herniation (T. at 234), there are no diagnostic or clinical findings in the record which support such a finding. Dr. Choi stated that plaintiff was limited to lifting and carrying eight pounds, and that his ability to sit, stand and walk were not affected (T. at 233–34). According to Dr. Choi, plaintiff was partially disabled due to right arm pain and back pain (T. at 235).

In sum, although plaintiff testified to suffering from daily back pain, he apparently did not mention his discomfort to Dr. Brezing during his monthly visits over the course of a year and a half. There are no diagnostic or clinical findings to support his claims of a back injury, and none of the doctors who examined plaintiff noted any limitations in his ability to stand, sit or walk. Furthermore, plaintiff testified that his discomfort had not worsened since his alleged injury in 1978. As defendant notes, plaintiff continued to work, despite this alleged impairment, through October of 1991. In fact, from 1984 to 1991, plaintiff worked as a dump truck driver and testified that he was required to unload blacktop and stone into a wheelbarrow by hand and lift and push loads weighing up to 400 pounds (T. at 45–46, 147–148).

In order to be eligible for benefits under the Social Security Act, a plaintiff must demonstrate an inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A).

> [A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

acceptable clinical and laboratory diagnostic techniques.

42 U.S.C. § 423(d)(3).

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; *there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques,* which show the existence of a medical impairment. which could reasonably be expected to produce the pain or other symptoms alleged .... [emphasis added].

42 U.S.C. § 423(d)(5)(A). Thus, a plaintiff clearly has the burden of demonstrating the presence of an impairment. Further, the plaintiff must show that the impairment caused functional limitations that prevent him from engaging in substantial gainful work.

In her decision, ALJ Baker stated that "although the claimant also alleges that he has a back problem ... the record does not support a conclusion that such alleged problems represent 'severe' impairments for purposes of this determination." Upon review of the administrative record, and applying the standards set forth above, I find that the Commissioner's determination that plaintiff's alleged back injury was not disabling is supported by the record and applicable law.

**II. PUBLIC LAW NO. 104–121.**

On March 29, 1996, Congress enacted the "Contract with America Advancement Act of 1996," which amends various portions of the Social Security Act. Pub.L. No. 104–121, 110 Stat. 847 (1996). Section 105(a)(1)(C) of the amendments, titled "Denial of Disability Benefits to Drug Addicts and Alcoholics," provides that:

> An individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

110 Stat. at 852 (1996) (amending 42 U.S.C. § 423(d)(2)). The effective date provision of the statute provides, in pertinent part:

The amendments ... apply to any individual who applies for, or whose claim is finally adjudicated by the Commissioner of Social Security with respect to, benefits under title 11 of the Social Security Act based on disability on or after the date of the enactment of this Act, and, in the case of any individual who has applied for, and whose claim has been finally adjudicated by the Commissioner with respect to, such benefits before such date of enactment, such amendments shall apply only with respect to such benefits for months beginning on or after January 1, 1997.

§ 105(a)(5)(A), 110 Stat. at 853.

In his letter to the Appeals Council and in his complaint, plaintiff claims that his substance abuse was a contributing factor that was not properly considered in the Commissioner's determination of disability. Indeed, based on plaintiff's hearing testimony that he drinks up to one half gallon of gin and up to one case of beer per day (T. at 50–51), and the fact that several examining physicians noted alcohol abuse or a history of alcoholism (T. at 185, 196, 205), there can be little question that plaintiff's alcohol abuse would be material to the disability issue. *See* 20 C.F.R. § 404.1535.

There remains the question, however, of whether the amendments cited above should be applied to plaintiff's case. The government takes the position that § 105(a)(5)(A) precludes a finding of disability under the Act for any individual whose disability claim was not "finally favorably adjudicated" either at the administrative level or, if appealed, by a federal court, prior to the enactment of Public Law No. 104–121. According to the Commissioner, because plaintiff's case was pending in this court at the time of enactment, he cannot be awarded benefits if alcoholism would be a material factor in determining his disability.

Plaintiff does not dispute the Commissioner's interpretation of § 105(a)(5)(A). However, as this court recently noted in another disability case, *Redd v. Chater*, 982 F.Supp. 187 (W.D.N.Y.1997), the few cases that have considered the issue of when a claim is "finally adjudicated by the Commissioner" are split as to the interpretation of that phrase. *See, e.g., Teitelbaum v. Chater*, 949 F.Supp. 1206, 1212–13 (E.D.Pa. 1996) (Congress did not intend amendments to apply to claims for benefits pending at either judicial or administrative level for time of disability preceding effective date); *Santos v. Chater*, 942 F.Supp. 57, 63–64 (D.Mass.1996), (same); *Willis v, Chater*, 939 F.Supp. 1236, 1240–41 (W.D.Va.1996) (same); *Martin v. Chater*, 938 F.Supp. 347, 349 (W.D.Va.1996) (same); *but see Connor v. Chater*, 947 F.Supp. 56, 60 (N.D.N.Y. 1996) (likelihood of remand to Commissioner, Commissioner's interpretation of amendments, and language of proposed clarifying legislation suggest that amendments preclude claim based on claimant's substance abuse that is pending in federal court on effective date); *Sousa v. Chater*, 945 F.Supp. 1312 (E.D.Cal.1996)(amendments preclude not only denied claims pending at administrative levels, but also those pending in federal court).

In *Redd v. Chater*, this court found the Northern District of New York's analysis in *Connor v. Chater* to be persuasive on the issue. In *Connor*, the court noted that the House has proposed a clarifying amendment relating to the effective date of the denial of disability benefits to drug addicts and alcoholics, which provides as follows:

Section 105(a)(5) of the Contract with America Advancement Act of 1996 ... is amended—

. . .

(B) by adding at the end the following new subparagraph:

"(D) Four purposes of this paragraph, an individual's claim, with respect to benefits under title 11 of the Social Security Act based on disability, which has been denied in whole before the date of the enactment of this Act, may not be considered to be finally adjudicated before such date if, on or after such date—

"(i) there is pending a request for either administrative or judicial review with respect to such claim, or

"(ii) there is pending, with respect to such claim, a readjudication by the Commissioner of Social Security pursuant to

relief in a class action or implementation by the Commissioner of a court remand order.".

H.R. 4039, 104th Cong., 2d Sess. (1996). "If passed, the clarifying amendment would be effective back to the time the preclusion paragraph was enacted." *Connor, supra,* 947 F.Supp. at 62.

While this proposed legislation, standing alone, would be insufficient to support a finding of legislative intent, the *Connor* court cited a number of additional factors on which it relied in reaching its determination. For instance, it was noted that the plaintiff was seeking a remand to the Commissioner for further proceedings. The court observed that where a remand is warranted, there are decisions remaining to be made by the Commissioner, and the case therefore has not been "finally adjudicated." *Id.* at 61 (quoting *Sousa v. Chater, supra,* 945 F.Supp. at 1329).

In addition, the court found it significant that while the term "final decision" of the Commissioner is used in the Social Security Act to refer to the decision of the ALJ or the Appeals Council, 42 U.S.C. § 405(g); 20 C.F.R. §§ 416.1455, 416.1481; *Santos, supra,* 942 F.Supp. at 63, Congress chose to use the broader term, "finally adjudicated," in the statute at issue.

Further, because of the claimed ambiguity with respect to the statute's treatment of pending court cases, the court found that the Commissioner's interpretation was entitled to considerable deference. The Commissioner's position as set forth by the government in both *Connor* and the present case is that Congress intended to "preclude future awards of benefits based on drug addiction or alcoholism for anyone who was not already receiving benefits." *Id.;* Item 9, pp. 23–24.

In the present action, even if this court were to deny the government's Rule 12(c) motion, the likely result would be a remand to the Commissioner for further adjudication. Therefore, plaintiff's claim was not "finally adjudicated by the Commissioner" prior to March 29, 1996. Because plaintiff asserts that his alcohol abuse would be a contributing factor material to the Commissioner's disability determination, I find that § 105(a)(1)(C) of Pub.L. No. 104–121 pre-

cludes plaintiff from receiving disability benefits in this case.

## CONCLUSION

For the foregoing reasons, the government's motion for judgment on the pleadings (**Item 8**) is GRANTED.

**SO ORDERED.**