**James ORBAKER, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of the Social Security Administration, Defendant.**

**No. 98–CV–6284L.**

United States District Court, W.D. New York.

Sept. 30, 1999.

---

C. Kenneth Perri, Monroe County Legal Assistance Corp., Legal Assistance of the Finger Lakes, Geneva, NY, for James Orbaker, plaintiff.

Brian M. McCarthy, AUSA, United States Attorney, Rochester, NY, for Kenneth Apfel, Commissioner of the Social Security Administration, defendant.

## DECISION AND ORDER

LARIMER, Chief Judge.

### INTRODUCTION

This is an action brought pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that plaintiff is not disabled under the Social Security Act ("the Act") and, therefore, is not entitled to disability benefits. As discussed below, the Commissioner's decision is supported by substantial evidence.

### PROCEDURAL BACKGROUND

Plaintiff, James Orbaker, filed an application for Social Security disability insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits on January 24, 1995. (T. 100–04, 325–28) [1] Plaintiff alleged that he was disabled as of August 15, 1994. (T. 100, 325) These applications were denied initially and on reconsideration. (T. 105–08, 126–29, 140–43, 146–49) Following plaintiff's request for a hearing, he appeared before an administrative law judge ("ALJ") on June 12, 1996. (T. 32) The ALJ found that plaintiff's alcoholism was a contributing factor material to the determination of disability, therefore, plaintiff was not eligible for disability benefits. This decision became the final decision of the Commissioner on May 8, 1998, when the Appeals Council denied plaintiff's request for review. (T. 6–11)

---

1. "T. ___" refers to the page of the transcript of the administrative record filed by the Commissioner with his answer.

Pursuant to section 405(g) of the Act, plaintiff sought review before this Court of the Commissioner's final decision. 42 U.S.C. § 405(g). The Commissioner now moves, and plaintiff cross-moves, for judgment on the pleadings pursuant to FED. R.CIV.P. 12(c).

## FACTUAL BACKGROUND

Plaintiff was born in 1953, and possesses a tenth grade education. (T. 37, 39) Plaintiff's last employment was with a printing company. (T. 41) Plaintiff testified that he was fired from this job because he was taking thorazine, and the company determined that he was not qualified for the job. (T. 42–43) At one time, plaintiff took thorazine because he "heard voices," although plaintiff testified he was no longer taking this drug. (T. 46–47) In 1993, plaintiff was incarcerated for welfare fraud. (T. 52) As a condition of his probation, plaintiff participated in a drug and alcohol program. (T. 53) Plaintiff indicated that he was no longer participating in any type of treatment program, and would not participate in another program unless required to as a condition of his probation. (T. 54) Currently plaintiff attends Alcoholics Anonymous three times a week. (T. 58) Plaintiff testified that he had been given a diagnosis of major depression, paranoia, anxiety, and alcohol abuse, "in remission." (T. 44) Plaintiff testified that at the time of the hearing, he was not depressed. (T. 45–46)

## DISCUSSION

### A. Standard of Review

A person is considered disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A).

In order to determine whether a claimant is disabled, an ALJ employs a five-step inquiry:

> The first step determines whether the claimant is engaged in "substantial gainful activity." If he is, benefits are denied. If he is not engaged in such activity, the process moves to the second step, which decides whether the claimant's condition or impairment is "severe"—i.e., one that significantly limits his physical or mental ability to do basic work activities. If the impairment is not severe, benefits are denied. If the impairment is severe, the third step determines whether the claimant's impairments meet or equal those set forth in the "Listing of Impairments" ... contained in subpart P, appendix 1, of the regulations.... If the claimant's impairments are not listed, the process moves to the fourth step, which assesses the individual's "residual functional capacity" (RFC); this assessment measures the claimant's capacity to engage in basic work activities. If the claimant's RFC permits him to perform his prior work, benefits are denied. If the claimant is not capable of doing his past work, a decision is made under the fifth and final step whether, in light of his RFC, age, education, and work experience, he has the capacity to perform other work. If he does not, benefits are awarded.

*Bowen v. City of New York,* 476 U.S. 467, 470–71, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (citations omitted) (explaining the process for determining eligibility for SSI and SSDI). Once a claimant has proven steps one through four, the burden then shifts to the Commissioner to show that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir.1999) (quoting *Bapp v. Bowen,* 802 F.2d 601, 604 (2d Cir.1986)). Howev-

er, pursuant to 42 U.S.C. § 423(d)(2)(C), "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled."

■■■■ The Commissioner's decision that plaintiff was not under a disability must be affirmed if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir.1991). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). The Commissioner's determination will be upheld as long as it is supported by substantial evidence and is not based on legal error. *See Arnone v. Bowen*, 882 F.2d 34, 37 (2d Cir.1989) (citations omitted). For the reasons that follow, I find that the ALJ's decision is supported by substantial evidence.

## B. The ALJ's Decision

■■ The ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset-of-disability date. (T. 23) The ALJ also found that plaintiff has a history of alcohol abuse. *Id.* The ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or equals those set forth in the Listing of Impairments found in subpart P, appendix 1, of the regulations. *Id.* Following a review of the medical evidence, the ALJ noted that although plaintiff had a history of "mental difficulties," these problems were "due more to his alcohol dependance than to any underlying mental disorder." *Id.* In light of the ob-

jective medical evidence, the "conservative treatment" of plaintiff's condition, and plaintiff's testimony, the ALJ found that plaintiff's subjective complaints of depression were not credible. (T. 24) The ALJ determined that because of plaintiff's alcoholism, he did not have the residual functional capacity[2] for substantial gainful activity. *Id.* But, because plaintiff would not be disabled if he stopped using alcohol, the ALJ found that plaintiff was ineligible for disability benefits. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382(a)(3)(I).

## C. Plaintiff's Alcoholism is Material to his Disability

Plaintiff argues that contrary to the ALJ's findings, his impairment meets or equals one set forth in the Listing of Impairments found in subpart P, appendix 1, of the regulations. Specifically, plaintiff argues that he suffers from an affective disorder pursuant to 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04. Plaintiff argues that his affective disorder is so severe, that it satisfied section 12.04 independently of his alcohol abuse. Thus, plaintiff argues that alcoholism is not a contributing factor material to his disability. After reviewing the record, I find that the ALJ's decision that plaintiff's alcoholism was a contributing factor material to the determination of plaintiff's disability is supported by substantial evidence.

The "key factor ... in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether [the Commissioner] would still find [the claimant] disabled if [he] stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). The ALJ and the Commissioner "will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limi-

---

**2.** The Social Security Regulations define residual functional capacity as follows: "Your impairments(s), and any related symptoms, such as pain, may cause physical and mental

limitations that affect what you can do in a work setting. Your residual functional capacity is what you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a).

tations would be disabling." 20 C.F.R. §§ 404.1535(b)(2), 416.935(b)(2). If a claimant's "remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(2)(i), 416.935(b)(2)(i).

Several years prior to plaintiff's claimed August 15, 1994 onset-of-disability date, plaintiff suffered from major depression and alcohol abuse. From June 8, 1990 to June 25, 1990, plaintiff underwent treatment at the Clifton Springs Hospital and Clinic for symptoms of "paranoia and depression." (T. 395) Plaintiff's diagnosis included alcohol abuse. (T. 398) Plaintiff then participated in a counseling program at the Community Counseling Center of Wayne County. (T. 346) Plaintiff indicated to his psychiatrist, Dr. Richard Kraus, that he stopped drinking in May of that year and two weeks later experienced depression, paranoid thinking, and auditory hallucinations, which led to his June 1990 hospitalization. (T. 346) Dr. Kraus noted that plaintiff suffered from a history of depression, paranoid ideation, prior alcoholism, and alcohol withdrawal delirium. *Id.*

In January of 1992, plaintiff was hospitalized at the Newark–Wayne Community Hospital. (T. 404) Plaintiff was diagnosed with "major depressive episode, recurrent, severe, with mood-congruent psychotic features, alcohol dependance, in partial remission, [and] H/O polysubstance abuse." (T. 406). Although plaintiff heard voices in the past, it was suggested that this could have been a function of alcohol intoxication or withdrawal. (T. 404)

In November of 1993, plaintiff was admitted to the Bradford Regional Medical Center for psychotic symptoms and alcohol abuse. (T. 207–208) Dr. Laroche noted that plaintiff's "depressive symptoms continued to be fairly significant and he states that this is why he started drinking. The true reason is unclear because perhaps he started drinking first and this made the depressive symptoms worse." (T. 207) An adjustment of plaintiff's medications resolved his psychotic symptoms, and plaintiff "appeared better than he ever had." (T. 208) Plaintiff was diagnosed with severe alcohol dependence, major depressive disorder verus dysthymia, and tetrahydrocannabinol abuse. (T. 218)

Following his release from prison in March 1993, plaintiff was treated at the Finger Lakes Alcoholism Counseling and Referral Agency. (T. 222–231) Plaintiff's history of alcohol dependance and abuse and major depression with psychotic features was noted. (T. 223) Plaintiff continued to seek treatment at the Finger Lakes Alcoholism Counseling and Referral Agency until February 24, 1995, when plaintiff elected, based on his "dual diagnosis issues," to seek treatment from the Veteran's Administration ("VA"). (T. 348)

March 7, 1995 treatment notes from the VA indicate that although plaintiff reported past depressive episodes, he was free of psychosis or depressive symptoms. (T. 318) VA physician Dr. James Kim noted through May of 1995 that plaintiff's depression was in remission. (T. 294, 297) In July 1995, plaintiff suffered a relapse after ten months of abstinence, and experienced some withdrawal symptoms. (T. 379) Dr. Kim continued to report that plaintiff was stable through February of 1996. (T. 362, 368, 369, 374, 377)

The ALJ found that were it not for plaintiff's addiction to alcohol, plaintiff could "meet the mental and physical demands of competitive, remunerative work." (T. 23) He noted that plaintiff's 1995 remission in symptoms coincided with a general period of sobriety.

The record is replete with evidence that plaintiff abused alcohol for many years prior to his claimed disability date in 1994. His depression and other mental problems seem more pronounced several years prior to this onset date. The record supports the ALJ's conclusion that many of these periods of depression were the product of his alcohol abuse and that they abated significantly when plaintiff abstained from alcohol. There is substantial evidence to

support the ALJ's determination that plaintiff's alcoholism was a contributing factor material to the determination that plaintiff is unable to perform relevant work. *See, e.g. Redd v. Chater,* 982 F.Supp. 187 (W.D.N.Y.1997); *Connor v. Chater,* 947 F.Supp. 56 (N.D.N.Y.1996). Based on the above, I find that the Commissioner's decision is supported by substantial evidence.

## CONCLUSION

I find that there is substantial evidence to support the Commissioner's conclusion that plaintiff is not disabled under the Act. Therefore, the Commissioner's motion for judgment on the pleadings (Dkt.# 7) is hereby granted and plaintiff's cross-motion (Dkt.# 10) is denied. The Commissioner's decision is hereby affirmed.

IT IS SO ORDERED.