**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-2075

WILLIAM D. CARMACK,

Plaintiff – Appellant,

v.

COMMONWEALTH OF VIRGINIA; COMMONWEALTH OF VIRGINIA, SOUTHWEST VIRGINIA HIGHER EDUCATION CENTER; DAVID N. MATLOCK, Director of the Southwest Virginia Higher Education Center, in His Individual and Official Capacities,

Defendants – Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Michael F. Urbanski, District Judge. (1:18-cv-00031-MFU-PMS)

Argued: October 26, 2020                    Decided: December 4, 2020

Before KING and DIAZ, Circuit Judges, and Stephanie A. GALLAGHER, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished opinion. Judge Gallagher wrote the opinion, in which Judge King and Judge Diaz joined.

**ARGUED:** Terry Neill Grimes, TERRY N. GRIMES, ESQ., PC, Roanoke, Virginia, for Appellant. Ryan Spreague Hardy, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee. **ON BRIEF:** Brittany M. Haddox, STRELKA LAW OFFICE, PC, Roanoke, Virginia, for Appellant. E. Lewis Kincer, Jr.,

Senior Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

GALLAGHER, District Judge:

## I.

William D. Carmack appeals from the grant of summary judgment in his employment action arising from his termination as Chief Financial Officer ("CFO") of the Southwest Virginia Higher Education Center ("the Center"). Carmack challenges two elements of the proceedings below. First, he argues that the district court erred by denying his Motion to Strike a declaration provided in support of Appellees' motion for summary judgment. Second, Carmack alleges that the district court erred when it used the burden shifting framework derived from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to evaluate causation for the whistleblower claim he brought under a Virginia state statute. For the reasons outlined below, we affirm.

## II.

On January 4, 2018, Appellees terminated Carmack from his job as CFO of the Center. In their motion for summary judgment, Appellees asserted that the elimination of the CFO position was driven by legitimate, non-retaliatory considerations, namely perceived workforce redundancies and a budget reduction mandate. J.A. 2188-89. Carmack, meanwhile, argued below that Appellees' reasons for eliminating the CFO position were ever-changing post-hoc excuses, and that his termination was motivated by retaliatory animus because he called out his superior's misuse of state funds. J.A. 2189.

Carmack also alleged that Appellees attempted to introduce new evidence following the close of discovery. Initially, the district court agreed with Carmack. It granted his motion for sanctions and ordered additional discovery—including a deposition of Paul

Reagan, the apparent author of a newly-disclosed memorandum—and an additional round of briefing. J.A. 2188. During Reagan's deposition, however, Carmack claimed to have discovered that Michael Maul was the true author of the belatedly disclosed memorandum. At that point, Carmack claims that the district court did not permit him to depose Maul.

In the final round of summary judgment briefing, the Commonwealth submitted a new declaration in support of its supplemental brief, this one authored by Maul. J.A. 2173. Carmack moved to strike the declaration, contending that it contained new information to which he had no opportunity to respond. The district court denied the motion, J.A. 2178, and ultimately relied in part on the Maul declaration in granting summary judgment.

Carmack's causes of action included an alleged violation of the Virginia Fraud and Abuse Whistle Blower Protection Act, because he claimed to have been discharged for being a "whistle blower," as defined in Virginia Code Section 2.2-3010. J.A. 2219. In evaluating the statutory claim, the district court applied the *McDonnell Douglas* framework to determine causation. It concluded that "Carmack . . . failed to show, by direct or circumstantial evidence, that [the executive director's] decision to eliminate the CFO position was causally related to his alleged . . . warnings and complaints . . . ." J.A. 2255. The district court granted summary judgment for Appellees, and this appeal followed.

III.

This Court reviews a district court's order granting summary judgment de novo, viewing the facts and reasonable inferences arising therefrom in the light most favorable to the nonmoving party. *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011) (internal citation omitted). "Credibility determinations, the weighing of the evidence, and the

4

drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanders Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (citation omitted).

This Court reviews a district court's denial of a motion to strike, meanwhile, "for abuse of discretion, and the factual determinations underlying the evidentiary ruling for clear error." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996). Such rulings are "entitled to great deference." *NCO Fin. Sys., Inc. v. Montgomery Park, LLC*, 918 F.3d 388, 396 (4th Cir. 2019).

IV.

A.

Carmack raises three issues regarding the district court's denial of his motion to strike Maul's declaration: (1) the declaration presented new factual matters to which Carmack had no opportunity to respond; (2) Carmack did not know, as a result of Appellees' "sandbagging," that he had reason to depose Maul; and (3) by the time Carmack understood Maul's significance, the district court denied him the opportunity to depose Maul. Appellant's Opening Br. at 16, 18-19. We conclude that the district court did not abuse its discretion with regard to any of these three issues.

First, the district court thoroughly considered and rejected Carmack's argument that Maul's declaration contained new facts. Line-by-line, the district court reviewed each substantive claim in Maul's declaration and linked it to the arguments put forward in Carmack's opposition to summary judgment. J.A. 2182-83. The district court concluded, after its detailed analysis, that "every statement in Maul's second declaration . . . referred directly to specific allegations he was addressing in Carmack's supplemental opposition

5

brief." *Id.* at 2183.  Such responsive declarations do not implicate concerns over unfair surprise, given that they reply to particular arguments Carmack raised.  The determination that the Maul declaration was "appropriately cabined and properly introduced" thus falls far short of an abuse of discretion.  *Id.*

The district court similarly addressed Carmack's assertion that he was unaware of Maul's material knowledge before Reagan's deposition.  As the district court recognized, Appellees identified Maul in their Rule 26 disclosures and described him as someone who "ha[d] knowledge that the Center was developing a [restructuring] plan and restructuring proposal."  J.A. 2185.  The district court also noted that Appellees referred to Maul several other times, in their initial disclosures and in later discovery.  J.A. 2185-86.  As a result, the district court concluded that Carmack should have been well aware of Maul's potential significance.  Given its thorough and well-reasoned assessment of the record, the district court did not abuse its discretion in concluding that Carmack had "more than sufficient 'context' . . . to make an informed decision about whether to timely depose Maul," irrespective of the belated deposition of Reagan.  J.A. 2186.

Finally, Carmack's allegations that the district court denied him an opportunity to depose Maul fail because Carmack never *sought* to depose him.  Even assuming Carmack did not fully understand Maul's significance to the case until after the close of discovery— which, as noted above, is a view the district court rejected—the record is devoid of any request by Carmack to depose Maul after he became aware of Maul's import.  *See* Appellant's Opening Br. at 16 ("[D]uring Reagan's deposition . . . Appellant learned that the true author of the memoranda was Michael Maul . . . .").  The district court had allowed

6

Carmack to take supplemental depositions between May 22, 2019 and June 21, 2019. J.A. 4. Carmack deposed Reagan on June 6, 2019. J.A. 2027. Carmack thus had fifteen days after the Reagan deposition, but prior to the deadline for completing his supplemental depositions, in which to seek appropriate relief. He did not. Thus, Carmack "had not only the ability to cure any surprise, but also the opportunity." *Golden Nugget, Inc. v. Chesapeake Bay Fishing Co., L.L.C.*, 93 F. App'x. 530, 534 (4th Cir. 2004). It is a mischaracterization to say that "the district court did not permit [Carmack] to depose Maul," Appellant's Opening Br. at 16, because the district court never had the opportunity to consider such a request. Thus, there was no abuse of discretion.

B.

In his remaining argument, Carmack contends that the district court erred in applying the *McDonnell Douglas* burden-shifting standard of proof to determine if a question of fact existed as to his Virginia statutory claim. Carmack argues instead that the district court should have assessed causation using Virginia's common law proximate cause standard, which requires only that retaliatory animus be *one* cause of the discharge— as opposed to *McDonnell Douglas*'s burden-shifting framework, which requires Carmack to affirmatively demonstrate that Appellees' proffered legitimate reasons for his firing were pretextual. The inescapable problem with Carmack's line of argument, however, is that he never raised it before the district court. "[I]ssues raised for the first time on appeal generally will not be considered." *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). Because he forfeited the argument below, to obtain relief on appeal, Carmack would have to show "fundamental error or a denial of fundamental justice." *Hicks v. Ferreyra,* 965

7

F.3d 302, 311 (4th Cir. 2020) (internal citations omitted). For the reasons addressed below, he cannot.

The proceedings below constitute a quintessential example of forfeiture. Despite Carmack's current contention that the proximate cause standard clearly applies, throughout the litigation before the district court, the parties framed their causation dispute in the language of *McDonnell Douglas.* Specifically, they addressed whether Appellees established a non-retaliatory business reason for eliminating the CFO position and whether the proffered reason was pretextual. Carmack did not object to or otherwise challenge the district court's explicit statements at oral argument that the *McDonnell Douglas* standard controlled. *See* J.A. 1880 (summarizing the causation question as whether a genuine issue of material of fact exists regarding whether the "claimed legitimate, nondiscriminatory, nonretaliatory reasons under *McDonnell Douglas* . . . are pretextual"); J.A. 1915 (articulating at length that it understood the key causation question here to be whether the discharge was motivated by retaliation or a legitimate business rationale). Indeed, Carmack broadly sought to counter the substance of Appellees' "legitimate business reason" at oral argument, and made no attempt to argue why that analysis was inapposite in the first place. *See, e.g.,* J.A. 1909 ("Our first argument is based on the fact that there was no legitimate business interest need for the reduction."). It is unsurprising, then, that the district court concluded that although "[n]either party explicitly analyzes [causation] under the *McDonnell Douglas* framework . . . it is clear that both parties assume this proof scheme applies." J.A. 2225. Carmack's course of conduct below therefore forfeited any objection to the application of the *McDonnell Douglas* standard.

8

Moreover, even if the district court erred in applying the *McDonnell Douglas* standard to claims brought under the Virginia state whistleblower statute, such error was not a denial of fundamental justice. On its face, the text of the statute does not provide clear guidance. The relevant provision of the statute simply states that "[n]o employer may discharge, threaten, or otherwise discriminate or retaliate against a whistle blower." Va. Code § 2.2-3011(A). That language inherently leaves open the question of causation: must retaliation be the *exclusive* reason for discharge (in other words, does a "legitimate business reason" defeat causation as it does in the *McDonnell Douglas* burden-shifting framework) or does retaliation need only be *one of* the reasons for discharge (the proximate cause standard for which Carmack advocates)?

Precedent on this question is mixed at best. The district court noted that "no federal or state court in Virginia has directly held that the *McDonnell Douglas* burden-shifting scheme applies" to the whistleblower statute, but that "courts routinely apply this framework in adjudicating claims brought under similar state and federal whistleblower statutes." J.A. 2224 (collecting cases from other jurisdictions). Appellant's cited cases to the contrary arise from readily distinguishable discharge contexts. *E.g.*, *Jordan v. Clay's Rest Home*, 253 Va. 185, 192 (1997) (different statutory cause of action); *Shaw v. Titan Corp.*, 255 Va. 535, 544 (1998) (a common law cause of action). Given the clear lack of definitive case law on his side, Carmack is left to argue only that *McDonnell Douglas* "is *not likely* the standard the Supreme Court of Virginia would apply." Appellant's Reply Br. at 4 (emphasis added).

This lack of clarity—regarding the ambiguity of the statute itself, the lack of guiding

9

precedent from Virginia specifically, and the record of courts applying *McDonnell Douglas* in other states with similar whistleblower statutes—demonstrates that no fundamental error occurred in this case. We therefore affirm the grant of summary judgment based on Appellant's failure to raise this argument below.

V.

For the foregoing reasons, the opinions of the district court—denying Appellant's motion to strike and granting Appellees' motion for summary judgment—are affirmed.

*AFFIRMED*